# Jury Commission Morgan County, *et al. v.* State, *ex rel.* Attorney General.

## *Mandamus.*

(Decided June 14, 1912.   59 South. 594.)

1. *Jury; Commissioners; Powers; Statutes.*—Construing together sections 110, 11, 12, 14, 27, Acts 1909, p. 308, it is held that the jury commissioners, having made the roll, cannot withdraw a name once placed thereon, or add other names; their powers to make a jury roll being exhausted, save when required to make a new list because of a deficiency.

2. *Same.*—Construing sections 27 and 29 of said Act, it is held that having made a jury roll as required by the Act, the jury commission is without power to remove names therefrom or add names thereto except when required by law to make a new jury roll.

APPEAL from Morgan Law and Equity Court.

Heard before Hon. THOMAS W. WERT.

Mandamus by the state on the relation of the Attorney General against the Jury Commissioners of Morgan county. Judgment for relators and respondents appeal. Affirmed.

KYLE & HUTSON, and CALLAHAN & HARRIS, for appellant. A relator must prove himself entitled substantially to every claim, and to all the redress which he seeks in his writ.—26 Cys. 476-7; 140 Ind. 414. If the act of the commission be judicial but not final then it can vary its former findings at any time.—*Cochran v. Miller,* 74 Ala. 57. Ordinarily the statutory provisions with regard to making up of the jury are held to be merely directory.—24 Cyc. 217. The commission was bound by the acts of its predecessors or by former acts of the commission only when they were acting within their authority and within the law.—4 A. & E. Enc.

of Law, 375; 36 L. R. A. 798. The board acts and can act only as a legal entity, and hence, the question of a quorum can only arise when there is a legal meeting, and no legal meeting can be had without notice or knowledge to all which notice must be given by an act of the commission or some one authorized to give notice of the time of meeting fixed by law.—20 Kan. 534; 16 Kan. 302; 72 Pac. 755; 43 South. 417; 50 South. 489. It is necessary that the time of action shall have arrived before mandamus may issue.—26 Cyc. 143, 182; Merrill on Mandamus, secs. 42-43. If on the facts alleged there is substantial doubt as to whether relator is entitled to relief prayed, the writ will be denied.— State, ex rel. v. Wilson, 123 Ala. 282. Mandamus will not lie because the acts are judicial in their nature, calling for the exercise of discretion by the jury commissioners.—Dunbar v. Fraser, 78 Ala. 538; Ex parte Thompson, 52 Ala. 98; McDuffie v. Cook, 65 Ala. 430; Ex parte Harris, 52 Ala. 87; 26 Cyc. 160-1.

R. C. BRICKELL, Attorney General, W. L. MARTIN, Assistant Attorney General, and E. W. GODBEY, for appellee. The duty resting upon the jury commission is a public duty imposed in the furtherance of a public policy.—Wilkins v. State, 112 Ala. 55. Where the public interest is vitally involved, there is no discretion as to granting or refusing the writ, and even discretionary duties may be compelled when that discretion has been abused arbitrarily, capriciously or wantonly.—26 Cyc. 146, 162; 54 South. 168; 58 L. R. A. 536; Ex parte Tower Mfg. Co., 103 Ala. 415. The jury box could not be refilled until exhausted, or until the law required it to be refilled.—Steele v. State, 111 Ala. 32. The commission is non-judicial in character, according to appellant, but this contention is not in accordance with the

great weight of authority as to similar commissions.—
14 Cal. 544; 6 R. I. 144; 20 Am. Rep. 421; 1 Duv. 166;
1 Bush. 135; 18 B. Monroe, 711; 18 Md. 479. The stat-
ute provides an adequate remedy for the correction of
mistakes, and that in itself is exclusive of all other
remedies.—*Wall v. State,* 94 Ala. 1; 22 Am. Rep. 275;
*State v. Piggott,* 54 South. 257. Several provisions of
the statute have been held to be mandatory.—*Harris v.
State,* 56 South. 55. The selection of jurors rests upon
the same principal as an appointment to office, and
the appointing authority may not revoke its former ap-
pointment and make another.—29 Cyc. 1372. The fact
that a juror is in favor of a law that is upon the stat-
ute books, is a peculiar if not a novel disqualification.—
*Davis v. Hunter,* 7 Ala. 135; 2 Am. St. Rep. 470.

McCLELLAN, J.—Out of the voluminous pleadings
in the record and the elaborate briefs of the respective
counsel, we extract these questions of controlling effect
upon the result of this appeal: First. May a jury com-
mission, after adjournment of the session thereof at
which the jury box has been replenished, remove there-
from, at a subsequent meeting, the names of persons
who were, at the former meeting, found to be qualified
as jurors, and whose names had been placed in the jury
box? Second. Has a jury commission the power or au-
thority to investigate and determine whether names
on a jury roll or in a jury box were fraudulently or
illegally placed thereon or therein by a jury commis-
sion, or by members thereof, in apparent, if not real,
observance of the duty and power given by the law to
place names on such roll or in such box?

The paramount, pertinent law is the jury law, ap-
proved August 31, 1909 (Acts Sp. Sess. 1909, pp. 305-
320. By section 10, pp. 308, 309, it is provided:

[Jury Commission Morgan Co., et al. v. State, ex rel. Attorney Gen'l.]

"Sec. 10. The jury commission shall meet in the courthouse at the county seat of the several counties on the first Monday in October, 1909, or as soon thereafter as practicable, and shall make in a well-bound book a roll of every male citizen living in the county, who possesses the qualifications herein prescribed, and who is not herein specifically exempted from serving on juries. The roll shall be arranged alphabetically and by precincts in their numerical order, and the commissioners shall cause to be written on the roll opposite every name placed thereon the occupation and residence and place of business of every person selected, and if the residence has a street number, it must be given. Upon the completion of the roll, the commission shall cause to be prepared plain white cards, all of the same size and texture, and shall have written, or printed, on the cards, the name, occupation and place of residence and place of business of the person whose name has been placed on the jury roll; writing or printing but one person's name, occupation and place of residence and place of business, on one card. These cards shall be placed in a substantial metal box, provided with a lock and two keys, which box shall be kept in the safe or vault in the office of the probate judge and if there be none in that office, the commission shall deposit it in any safe or vault in the court-house to be designated on the minutes, and one of said keys thereof shall be kept by the president of the commission. The other of said keys shall be kept by a judge of a court of record having juries other than the probate or circuit court and in counties having no such court then by the judge of the circuit court for the sole use of the judges of the courts of said county needing jurors.

By section 11, p. 309, it is provided: "The jury commission shall place on the jury roll, and in the jury box

the names of all male citizens of the county who are generally reputed to be honest and intelligent men, and are esteemed in the community for their integrity, good character and sound judgment, but no person must be selected who is under twenty-one or over sixty-five years of age, or who is an habitual drunkard, or who being afflicted with a permanent disease or physical weakness, is unfit to discharge the duties of a juror, or who cannot read English, or who has ever been convicted of any offense involving moral turpitude. If a person cannot read English and has all the other qualifications prescribed therein and is a freeholder or householder his name may be placed on the jury roll, and in the jury box."

By section 12, p. 309, it is provided: "Whenever the names in the jury box are exhausted, or so far depleted that they will probably be exhausted at the next drawing of jurors, the commission must proceed to make and certify a new roll, and deposit the names in the box in all respects as provided in this act; and for this purpose the jury commission must meet whenever it is necessary and refill the jury box."

In section 14 it is required that the jury commission "see that the name of every person possessing the qualfications prescribed by this act to serve as a juror shall be placed on the jury roll and in the jury box." Provision is made for means of ascertaining the facts necessary to effect this general purpose.

The drawing of jurors from the jury box for service is committed to the courts or to judges or chancellors; and particular provisions are made for noting the names of those drawn, those impaneled, and those found by the courts to be disqualified or exempt; and the names of those who are so drawn and who are not disqualified or exempt, and who are not impaneled, are required to

be "forthwith returned by the judge to the jury box in open court."

By section 27, p. 316, it is provided: "Any person who shall unlawfully place in or withdraw from the jury box any name or names of persons, or destroy, conceal or remove such jury box, or place on or erase from the jury roll, the name of any person, or destroy mutilate, conceal or remove such jury roll, shall be guilty of a felony and upon conviction shall be sentenced to the penitentiary, or to hard labor for the county, for not less than six months or more than two years, to be affixed by the court."

There is no authorization in the act of any person or persons, or of any board or body, to withdraw from the jury box a name or names when the process of putting the names therein has been effected, except that of the judicial officers or courts in the performance of duties prescribed by law. On the contrary, the protection of the jury roll and the jury box from the erasure or withdrawal of names therefrom is specially provided by the highly penal provision of section 27, quoted before. No provision is made in the act for the correction, by the jury commission or its members, at a subsequent meeting, of errors or mistakes in the deposit of a name or names in the jury box, or in their entry upon *that* jury roll. The power, authority, and duty of the jury commission is exhausted (until the depletion specified in section 12, ante, has called that power and authority and duty again into activity) when the jury roll has been made up and the jury box replenished. The act does not contemplate periodic (regular or irregular) deposits of the names of qualified persons in the jury box, or their entry upon the jury roll, otherwise than when one of the conditions defined in section 12 requires the *replenishment* of the names in the jury

box. When one of those conditions is found by the commission to exist, its duty *then* is to make a *new* jury roll; and in so doing it should observe the provisions of section 14 to which we have alluded before. A name cannot legally enter the jury box, unless it is on the jury roll. The jury roll, once made, cannot, under the act, be supplanted by another jury roll until a condition specified in section 12 exists to justify a *new* jury roll. So it is clear that there is no possible warrant in the act for the view that names of even qualified persons may be deposited by the jury commission in the jury box otherwise than upon the condition specified in section 12.

It is, of course, a necessary consequence that the conditions established by section 12 forbid the exhaustion or depletion of the names in the jury box by any act of any person or body or board than as is prescribed may be done by the courts or their judicial officers. The whole theory and effect, in this particular, of the law was and is to afford a list (jury roll) of persons of a defined qualification for jury service, the deposit thereof, on separate cards, in the jury box, and the preparation of a *new* jury roll when the names in the jury box are "exhausted, or so far depleted that they will probably be exhausted at the next drawing of jurors." Until one of these conditions exists, there is no reason, as, indeed, there is no necessity, for a new roll, or for a replenishment of the names in the jury box. If it were permissible, after the jury box has been replenished, for the jury commission to empty it at their discretion, the conditions written in section 12 would be amplified or added to without justification. If the purging of the jury box by the jury commission was sanctioned, it would be, also, necessary to affirm that a new jury roll could be validly made without regard to the limitations

to that end specially set down in section 12. Neither of these views finds justification or support in the act. Doubtless the method provided in the act, hedged about with the limitations prescribed, commended itself to the lawmakers, because, if strictly observed, it afforded, as near as method could, a jury roll and a jury box free from the effect of unlawful, unjust, or reprehensible purposes to serve thereby unlawful, unjust, or reprehensible ends. If the method prescribed is not honestly observed by those commissioned thereunto, their misconduct may be investigated and punished by some tribunal jurisdictioned to do so; and, if fraud or illegality infects the jury roll or the contents of the jury box, the powers of a properly jurisdictioned tribunal may be invoked to relieve that which should be ever wholly pure and entirely free from taint or fraud or illegality—the jury box. Such powers, such jurisdiction, have not been given a jury commission in this state. It does not exist with that body or board.

Section 29 of the act provides that the provisions thereof with respect to the selection, drawing, summoning, or impaneling of jurors are "directory merely and not mandatory." If it be assumed, *for the occasion only,* that *all* the provisions for the *selection* of jurors by the jury commission are directory only, that concession or assumption would not avail the appellants; for when these provisions are observed—the jury roll made up and the jury box replenished—the highly penal provisions of section 27 forbid absolutely the withdrawal from the jury box or the erasure from the jury roll of a name or names therein or thereon, except by the courts or judges, as has been stated. The terms of section 29 do not admit of an interpretation or application that would institute a conflict with the provisions of sections 27 and 12.

The terms of the order or judgment of the court have been carefully reviewed in the light of the discussions in brief; and we find no error or impropriety in the order or judgment awarding the writ. It conforms to the legal requirements fixed by the jury law of 1909.

There is no error in the record. The order or judgment appealed from is affirmed.

Affirmed. All the Justices concur.