(85 South. 698)

STATE ex rel. DENSON v. MILLER, President of Jury Commission of Shelby County, et al. (7 Div. 76.)

(Supreme Court of Alabama. May 13, 1920.)

1. Mandamus ⬅29—Circuit court has jurisdiction to order purged and refilled jury box illegally packed.

Where the jury box of a county was unlawfully emptied of names of qualified talesmen who were unprejudiced in the particular case, and illegally and fraudulently refilled with the names of talesmen who were prejudiced, it is within the jurisdiction and duty of circuit court to order the box purged and refilled according to law.

2. Mandamus ⬅154(8) — Special prayer for relief sufficient to cover relief by quashal of jury box as packed.

Special prayer of petition for mandamus to the jury commissioners of the county to require them to fill the jury box as required by statute on account of it having been emptied of names of qualified unprejudiced talesmen and having been packed with names of those prejudiced, in conjunction with the general prayer for relief, *held* ample to cover necessary relief by quashal of the entire box as constituted.

3. Mandamus ⬅3(1)—Separate challenges to veniremen inadequate relief for packing of jury box.

Where names of qualified unprejudiced talesmen were unlawfully emptied from the

jury box, which was filled with the names of talesmen prejudiced against a party to a cause, the remedy of such party, by challenging the veniremen for cause when severally presented for service on the jury panel, is inadequate, and authorizes him to seek mandamus to compel the jury commissioners to quash the entire box.

**4. Mandamus ⬤➡29—Discretion of commission in selection of veniremen cannot be controlled.**

The discretion of the jury commission in the selection of names for the jury roll and jury box, when fairly and independently exercised, cannot be controlled or nullified.

**5. Jury ⬤➡64—Powers of commissioners in selecting names for roll and box exhausted until depletion of list.**

When the jury commission has acted in selecting names for the jury roll and box, their discretion and powers are exhausted, and cannot again be exercised until the depletion specified in Jury Law, § 12, governing the matter, has called such discretion and powers again into activity.

**6. Mandamus ⬤➡3(8)—Provision for destruction of names in jury box on order of judge does not preclude relief.**

Code 1907, § 7243, authorizing the judge of the circuit court in any county to order destruction of the names in the jury box illegally or irregularly filled, does not preclude the resort by any person having a proper interest to independent mandatory proceeding to reach the same result.

Appeal from Circuit Court, Shelby County; E. J. Garrison, Judge.

Petition by the State of Alabama, on the relation of W. A. Denson, for writ of mandamus directed to Frank Miller, as president of the jury commission of Shelby county, and others, to require the commission to fill the jury box as required by statute. From decree denying relief and dismissing the petition, relator appeals. Reversed, rendered, and remanded.

See, also, post, p. 234, 85 South. 700.

The petition is filed by Denson as relator and as intervening for the plaintiff in a cause pending in the circuit court of Shelby county for damages for personal injury in a case styled Perkins, Administrator, v. the Alabama Fuel & Iron Company. Concisely stated, the petitions present the following grounds for the issuance of the writ:

(1) Just before the present jury box was filled the box contained 1,400 names of persons qualified for jury duty, which were illegally and without just cause thrown out by respondents in order to perpetrate a fraud upon relator and other plaintiffs who have damage suits pending in the Shelby circuit court.

(2) Respondents then, pursuant to that purpose, placed in the jury box only 600 names for jury service and excluded therefrom the names of from 1,800 to 2,400 others, who were in every way qualified therefor.

(3) The 600 names thus placed in the jury box are the names of persons who are prejudiced against recoveries by plaintiffs in damage suits, and especially against recovery by relator in the suit of J. W. Perkins, as Administrator, v. Alabama Fuel & Iron Company, now pending, and wherein relator has intervened. They are prejudiced to such a degree as to render them unfit to sit as fair and impartial jurors in said cause. They were known by respondents to be thus prejudiced and they were chosen and their names placed in the jury box solely because of that fact and to secure an unrighteous and unjust verdict for the defendant, and were selected under the influence of and in connivance with persons adversely interested to relator and other such plaintiffs in causes pending.

(4) As such jury commissioners respondents have refused to place any other names in said jury box of 600 names until those names are exhausted, and it is impossible for relator to obtain a fair and impartial jury for the trial of said cause.

There is a special and general prayer for relief.

Riddle & Ellis, of Columbiana, and W. A. Denson, of Birmingham, for appellant.

The judgment of the trial judge in denying the petition is in direct conflict with the following authorities: 182 Ala. 561, 62 South. 205; 57 South. 81; 168 Ala. 551, 53 South. 217; 143 Ala. 512, 39 South. 348; 152 Ala. 554, 44 South. 704; 45 South. 891; 196 Ala. 327, 71 South. 405; 133 Ala. 139, 32 South. 251; 24 Cyc. 329; sections 4635, 7276, 7277, Code 1907; Acts 1909, p. 305; 178 Ala. 412, 59 South. 594; 182 Ala. 449, 62 South. 189.

Leeper, Haynes & Wallace, of Columbiana, and Percy, Benners & Burr, of Birmingham, for appellees.

Respondents question the sufficiency of the petition in law. 69 Ala. 317. No interest is shown, and the disclosure sought would be detrimental to the public interest. 61 Ala. 310; Acts 1909, p. 305, §§ 10, 15. The writ should not be granted. 165 Ala. 41, 50 South. 962; 5 Ala. App. 202, 59 South. 689; 150 Ala. 15, 43 South. 343; 91 Miss. 1, 45 South. 353; 29 Fla. 527, 10 South. 904; 102 Va. 498, 46 S. E. 774; 34 S. C. 16, 12 S. E. 625.

SOMERVILLE, J. [1] If the material allegations of the petition are true, the jury box of Shelby county was unlawfully emptied and illegally and fraudulently refilled, and it is within the jurisdiction, as it is within the duty, of the circuit court of the county to condemn that illegality and fraud by ordering the box to be fully purged of its contents and refilled according to law. Jury Commission of Morgan County v. State ex rel. Atty. Gen., 178 Ala. 412, 59 South. 594.

[2] We presume that the learned trial

judge denied the writ in this case because he conceived that the special relief prayed for, viz., the filling of the box according to law, contemplated the mere addition of other names to those already in the box, and was not broad enough to cover the radical relief which alone would be appropriate, viz., the quashal of the entire box as now constituted. We think, however, that the special prayer, in conjunction with the general prayer, is ample for all purposes.

[3] It may be also that relief was denied on the theory that relator has an adequate remedy without resorting to this writ, as by challenging the .veniremen for cause, when they are severally presented for service on the jury panel on the 'trial of his case. It is clear, however, that that procedure would be wholly inadequate for the purposes in hand.

"The 'other remedy,' the existence of which will oust, or, rather, prevent the invocation of, jurisdiction by mandamus, must be equally convenient, beneficial and effective as mandamus. * * * It must be a remedy which will place the relator in statu quo; that is, in the same position he would have been had the duty been performed. * * * Indeed, it must be more than this. It must be a remedy which itself enforces in some way the performance of the particular duty, and not merely a remedy which in the end saves the party to whom the duty is owed unharmed by its nonperformance." Brickman v. Wilson, 123 Ala. 259, 279, 26 South. 482, 487 (45 L. R. A. 772).

[4, 5] We, of course, do not mean to say that the discretion of the jury commission in the selection of names for the jury roll and jury box, when fairly and independently exercised, can be controlled, or nullified, for very clearly it cannot. But it is settled by our decisions that, when the commission has acted, their discretion and powers are exhausted, and cannot be exercised again until the depletion specified in section 12 of the act (Laws 1909, p. 309) has called that discretion and those powers again into activity. The subject is fully discussed in Jury Commission v. State ex rel. Atty. Gen., 178 Ala. 412, 59 South. 594.

We do not overlook section 7243 of the Code of 1907, which provides that—

"Whenever in the opinion of the presiding judge of the circuit, city, or criminal court in any county the jury of such county has for any reason become illegal or irregular, he may enter an order on the minutes of the court in term time, declaring the jury box of the county illegal and irregular and requiring the jury commissioners of the county to assemble on a day and place, to be named in the order, to destroy the names which may be in the box, and refill the box in the manner required by law," etc.

[6] While this authorizes action by the judge upon his own opinion and initiative,

and validates his action in the premises, it does not preclude the 'resort by any person having a proper interest to an independent mandatory proceeding to bring about the same result.

We think that the writ should issue as prayed, returnable to the circuit court of Shelby county within 15 days from the date of its service upon respondents. It is so ordered.

Reversed, rendered, and remanded.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.