(89 South. 69)

### GARNER v. STATE.   (7 Div. 127.)

(Supreme Court of Alabama. April 7, 1921. Rehearing Denied May 12, 1921.)

**1. Indictment and information** &#8734;=133(5)—**Jury** &#8734;=116—**Indictment and venire, regular and special, cannot be attacked by reason of irregularity on part of jury commissioners as to jury box.**

The validity of an indictment and venire, regular and special, in a homicide case, cannot be attacked by way of plea in abatement and motion to quash by reason of irregularity of jury commissioners in refilling the jury box with only 600 names where it had previously contained 1,400, and thereby excluding therefrom the names of a large number of those who were in every way qualified therefor, under Jury Law, §§ 23, 29.

**2. Criminal law** &#8734;=1035(6)—**No reversible error in failing to swear jury, where no exception taken.**

There was no reversible error in failing to administer the oath to the jury until after the

evidence had been introduced, at which time the court, not recalling that jurors had been sworn, administered the oath; no exception being taken, except to the action of the court in then swearing the jury, and none being reserved to the court's failure to swear the jury at an earlier time, under Code Miss. 1906, § 2718, in view of Code 1907, § 7274.

Appeal from Circuit Court, Shelby County; B. J. Garrison, Judge.

Sallie Garner was convicted of murder and she appeals. Affirmed.

Longshore & Koenig, of Columbiana, for appellant.

The pleas in abatement and motion to quash venire should have been sustained. 204 Ala. 232, 85 South. 698; 178 Ala. 412, 59 South. 594. The jury was not properly sworn and should have been discharged. Acts 1909, p. 319; 122 Miss. 19, 84 South. 161; 80 Tex. Cr. R. 588, 192 S. W. 770, L. R. A. 1917D, 391; 128 Ala. 6, 29 South. 614.

J. Q. Smith, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The court properly sustained demurrers to the plea in abatement and in quashing the motion. Acts 1909, pp. 315–317. The cases referred to by counsel for appellant were direct and not collateral attacks, and hence are without application here. If it be a fact that the jurors were not properly sworn to begin with, the error was cured by the subsequent proper oath. Section 7274, Code 1907.

GARDNER, J. Appellant was convicted of murder in the first degree, and her punishment fixed at life imprisonment. By way of pleas in abatement and motion to quash the venire, both regular and special, the defendant presents the question as to whether or not illegality or irregularity on the part of the jury commissioners as to the jury box for that county can be set up, to the end of establishing the irregularity of the grand jury, and the consequent invalidity of the indictment, as well, also, the general and special venire.

[1] These pleas and the motion to quash set up in substance that the jury commissioners, in refilling the jury box with only 600 names, where it had previously contained 1,400, and thereby excluding therefrom the names of a large number of those who were in every way qualified therefor, had acted without authority of law. A question of similar nature was the subject of review, arising from this county, in the case of State ex rel. Denson v. Miller, 204 Ala. 232, 85 South. 698, which was a mandamus proceeding to require the commission to fill the jury box as required by statute, and it was held the petitioner was entitled to relief. That proceeding, however, as noted, is a direct attack, and the question here for consideration is whether or not a collateral attack upon the action of the jury commission can suffice to establish the invalidity of the indictment as well as the venire.

We do not think so, but entertain the view that the provisions of sections 23 and 29 of the Jury Law (Gen. & Loc. Acts, Sp. Sess. 1909, pp. 315–317) were intended by the Legislature to prevent such collateral matters having this effect. Section 23 specifically provides that no objection can be taken to an indictment by plea in abatement, except upon the ground that the grand jurors who found the indictment were not drawn by the officer designated by law to draw the same, and in section 29 no objection can be taken to any venire of jurors, except for fraud in drawing or summoning the jurors. We are therefore of the opinion that the attack must be directed against the jury commissioners, as was done in the Denson Case, supra, and can avail nothing to the appellant upon this appeal. The demurrers to the pleas were properly sustained, and the motion to quash the venire was properly overruled. The Court of Appeals reached the same conclusion in the case of Reeves v. State, 17 Ala. App. 684, 88 South. 197.

[2] But one other question remains for consideration. It appears from the bill of exceptions that after the evidence had been introduced, but before the argument had begun, the presiding judge announced that he did not recall that the jurors had been sworn, and no reply, either affirming or denying the statement, being made, the court stated that it would do no harm to swear the jurors a second time, and thereupon the jurors were duly sworn. Immediately after the state's solicitor began his argument, defendant's counsel reserved exception to this action of the court. Affidavits were offered on motion for new trial to the effect that the jury had not in fact been previously sworn.

Counsel for appellant cite the recent case of Miller v. State, 122 Miss. 19, 84 South. 161, from the Supreme Court of Mississippi, where, by a divided bench, it was held under such circumstances there was error, in that the jury was not a regular jury, within the meaning of section 2718 of the Code of 1906 of that state, until the oath was administered. The cause was reversed. We are not called upon to discuss the merits of that decision, as we are of the opinion that section 7274 of the Code of 1907 was intended to cure just such a defect. This section reads as follows:

"No criminal case taken by appeal to the Supreme Court shall be reversed because of any defect in the administration of the oath of any grand or petit jury, unless the record in the case discloses the fact that some objection was taken in the court below, during the progress of the trial, based on such defect; but this rule shall not apply to cases where it appears af-

firmatively from the record that the appellant did not have the benefit of counsel on his trial in the court from which the appeal was taken."

The appellant was represented by counsel. The oath was administered before the argument of the case begun, and the utmost that appellant could insist is that the delay constituted a defect in its administration. Such defect, however, was not called to the attention of the trial court during the progress of the trial; but the judge himself, entertaining doubts as to whether or not the jury had been sworn, proceeded to do so. The defendant reserved exception to the action of the court in swearing the jury, but made no objection, nor reserved any exception, to the failure of the court to swear the jury at an earlier time. The appellant could not complain that the court, ex mero motu, undertook to remedy a defect which was incumbent upon her to bring to his attention. For these reasons, therefore, we are persuaded that this point is without merit.

We have here considered the only questions which call for separate treatment, and, finding no error in the record, the judgment of conviction will be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.