(92 South. 83)

## NELSON v. STATE.  (7 Div. 761.)

(Court of Appeals of Alabama. Jan. 31, 1922.)

Criminal law ⚖️725—Argument of solicitor as to jury's duty to consider indictment held error.

Permitting the solicitor to state that "eighteen men, sworn as grand jurors of your county to do their duty, heard the evidence of both sides in this case, and they say to you that something should be done, and it is your duty to consider that when you go to the jury room to make your verdict," was error.

Appeal from Circuit Court, Shelby County; W. L. Longshore, Judge.

Wiley J. Nelson was indicted for murder in the first degree, and convicted of manslaughter in the first degree, and he appeals. Reversed and remanded.

The plea in abatement sets up, in effect: That while there were 1,400 names in the jury box, and there was no likelihood of the jury box being exhausted, or so far depleted

that they would probably be exhausted, at the next drawing of jurors, the judge of the court issued the following order to the jury commissioner of Shelby county, Ala., to wit:

"State of Alabama, Shelby County.

"In the Circuit Court of Shelby County, Alabama. It appearing to the court that the jury box of Shelby county, Alabama, is badly in need of revising on account of many errors in the names of jurors, and on account of the names of many persons being placed in said jury box in duplicate, it is ordered that the jury commissioners of Shelby county revise said jury box, and that the clerk of this court give notice to said jury commissioners of this order.

"Witness my hand this 25th day of September, 1919.

"Hugh D. Merrill, Judge."

That, in pursuance of said order, the jury commissioners in the month of October, 1919, met at the courthouse and wholly disregarded the order, destroyed the list of 1,400 names then in the jury box, and proceeded to refill said jury box, but in doing so placed in said jury box the names of only 600 persons as qualified jurors, which number was less than one-fourth of the persons residing in Shelby county qualified under the laws for jury service in said county.

The demurrers raised the question that it is not charged that the grand jury returning the indictment was not drawn according to law, nor is it charged that the grand jury returning the indictment was not drawn by the officers designated by law to draw the same, and that no fraud was charged in the drawing or summoning of the grand jury which preferred the indictment.

The other facts sufficiently appear from the opinion of the court.

Longshore & Koenig and L. L. Saxon, all of Columbiana, for appellant.

The counsel did not discuss the ruling of the court on the plea in abatement. They discuss, with citation of authority, the charges refused, but in view of the opinion it is not deemed necessary to here set it out. Counsel insists that the argument of the solicitor was improper and highly prejudicial to the defendant, and cite 148 Ala. 560, 42 South. 862; 68 Ala. 472; 87 Ala. 14, 6 South 290; 85 Ala. 11, 4 South. 730.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

MERRITT, J. The defendant was indicted for murder in the first degree, and on his trial convicted of manslaughter in the first degree, and sentenced to the penitentiary for a term of five years.

The demurrers to the defendant's plea in abatement were properly sustained. Garner v. State, 206 Ala. 56, 89 South. 69.

During the opening argument to the jury in this case, the court allowed the solicitor, over the timely objection and exception of the defendant, to make the following argument to the jury:

"Gentlemen, 18 men, sworn as grand jurors of your county to do their duty, heard the evidence of both sides of this case, and they say to you that something should be done in this case; and it is your duty to consider that when you go to the jury room to make your verdict."

We are unwilling to say that this argument by the solicitor, an officer of the court, was not prejudicial to the defendant. We have always understood that a hearing before the grand jury was more or less ex parte, and for the solicitor, who was doubtless with the grand jury when the evidence was received upon which the indictment was found and returned in this case, to state as a fact that the grand jury "heard the evidence of both sides of this case," and, when this statement was challenged, for it to go to the jury with the sanction of the trial judge, carried with it the weight of authority, and must have been prejudicial to the defendant. The case was to be tried and determined, not on the evidence adduced before the grand jury, but on the evidence submitted at the trial. The evidence before the grand jury was for the purpose of determining whether the grand jury would accuse the defendant of an indictable offense, and the evidence before the petit jury, irrespective of that before the grand jury, was as to whether the accusation had been established, by legal evidence there submitted, beyond a reasonable doubt. The indictment is not evidence of the commission of a crime, but merely a formal method of bringing the defendant before the court for trial. Section 7130 of the Code of 1907 declares:

"An indictment is an accusation in writing, presented by the grand jury of the county, charging a person with an indictable offense."

There was no call, from the 18 grand jurors that found the indictment, that "something should be done in this case," other than the call that comes from every law-abiding citizen, and that is that the defendant should have a fair trial, and, from the evidence adduced at such trial, that the jury return a true verdict, according to the evidence there adduced.

We think the trial court was in error in refusing to exclude the argument of the solicitor objected to, and for this error the judgment of conviction is reversed, and the cause remanded.

Reversed and remanded.