# CASES

IN THE

# SUPREME COURT OF ALABAMA

## OCTOBER TERMS, 1922–1923, 1923–1924

(97 South. 291)

**STATE ex rel. DAVIS, Atty. Gen., v. CURTIS, Judge, etc. (6 Div. 692.)**

(Supreme Court of Alabama. June 29, 1922. Rehearing Denied Oct. 12, 1922. On Demurrer to Answer Jan. 11, 1923.)

**1. Jury ⊗⟷65—Statute held not to authorize quashing jury box because improperly made up.**

Code 1907, § 7243, authorizing quashing jury box which "has become" illegal or irregular, does not authorize a circuit judge to quash a jury box on the ground that the method by which it was originally filled was irregular; it not being intended that the discretion of the jury commissioners should be superseded by that of the circuit judge, in the absence of fraud or illegality.

**2. Mandamus ⊗⟷52—Held to lie to vacate improper order of circuit judge.**

Mandamus *held* proper remedy to have vacated an order of the circuit court quashing jury box; such order having been entered without authority of law.

**3. Mandamus ⊗⟷14(1)—Demand not condition precedent, where duty to be enforced is public duty.**

The rule, applicable generally in the enforcement of private rights, that demand is condition precedent to action, does not apply where the duties which it is sought to have performed are of a public nature, or which affect the public at large; the law under such circumstances standing in lieu of the demand.

Original petition by the State of Alabama, on the relation of its Attorney General for mandamus to Hon. J. J. Curtis, as Judge of the Fourteenth Judicial Circuit. Demurrer to petition overruled; demurrer to answer sustained.

The petition avers that on April 19, 1922, there was pending in the circuit court of Winston county a criminal cause or proceeding against Sim Alexander, on which date a petition in the name of said Alexander was presented to said Curtis as judge of said court, setting up the fact of such pending criminal proceeding, that he did not know when his case would be tried, but that he ought not to be tried by a jury which would be drawn, for that the jury box was not fairly filled as required by law, in that the jury commission picked out only about one-fifth of the persons qualified to serve as jurors; "that the said jury commission, preparing and filling said box which the jury is to be now drawn from to try this defendant, fraudulently or illegally and intentionally packed said box in this: Only put such names in as they believed and knew to be prejudiced to defendants in criminal cases, and did not take the registration list and obtain names therefrom and other sources," etc.

It is further averred that said petition of Sim Alexander was set for hearing April 24, 1922; that three witnesses were subpœnaed; that no notice was given to the relator or to the solicitor; that after hearing, on April 25, 1922, the respondent made and caused to be spread upon the minutes of the court the following order:

"State of Alabama v. Sim Alexander. Circuit Court, Winston County. This cause coming on to be heard upon the petition of the defendant to quash the jury roll and the jury box for the Double Springs Division of said county, and upon the evidence and the records it appears to the court that there is in said division about 930 men between 21 and 65 years of age, and that of said number there is according to the evidence about 750 of said number qualified for jury service, and it appearing from the jury roll that there were placed in said box 217 jurymen and that 72 of them have been—72 of them have been withdrawn. It appears from the testimony that sections 8 and 11 and 14 of said jury law have not been observed, but that no list of names as required by section 8 and all the names of qualified persons as jurors have not been placed in said box and not over one-third thereof. If there are not over 217 qualified jurors in this division out of about 1,000 men, then something is radically

⊗⟷For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes .

210 ALA.—1

wrong and conditions would show it; the court prefers to rest its judgment upon the fact that the jury commission is radically wrong, and seeks to keep qualified men out, instead of searching for the correct information by which he may be placed upon the roll. Doubtless the road overseer and the tax gatherer never overlooked him, though he may be poor, and lived far back in the country, this court cannot stand by and silently permit such conduct when it has it within its power to stop it. And every avenue will be used until this is corrected.

"It is the order, judgment, and decree of the court that the jury box for the Double Springs division be and the same is hereby quashed and held invalid, for and on account of the fact that it is illegally and irregularly made up, in that it contains only a small part of the qualified jurors of said division of said county. It is the further order, judgment, and decree of the court that the jury commission of said county meet at the courthouse in Double Springs on Monday May 8, 1922 and then and there open said jury box and destroy each and every slip containing a name therein; and it is the further order and judgment of the court that the said jury commission proceed to make up a new jury roll for said division of the county, and they are strictly enjoined to place therein the name of every man qualified under the law to be a juryman; and it is the further order and judgment of the court that the said commission fill said jury box from said newly made roll, placing in said jury box the name of every qualified juryman within said territory, as provided in sections 11 and 14 of the jury law. For the aid of the commission a copy of a list of names of persons in each beat between 21 and 65 is filed herewith. April 25, 1922. J. J. Curtis, Judge 14th Judicial Ct."

The petition sets up that the foregoing order is void, for that the respondent had no authority to make the same; that no notice of the hearing was given, etc; and it is prayed that the writ of mandamus issue to respondent, requiring him to vacate said order.

Harwell G. Davis, Atty. Gen., and Marion Rushton, Asst. Atty. Gen., for appellant.

Section 7243 of the Code does not authorize the circuit judge to quash a jury box because of acts of the jury commission in filling it originally. Green v. State, 73 Ala. 26; Bluett v. State, 151 Ala. 41, 44 South. 84; Jury Com. v. State, 178 Ala. 412, 59 South. 594; Acts 1896–97, p. 693; State v. Miller, 204 Ala. 232, 85 South. 698. Section 7243 of the Code was repealed. Acts 1909, p. 305; Acts 1919, p. 1039; State v. Miller, supra. Mandamus is the proper remedy to vacate the order. Ex parte Ala. F. & I. Co., 193 Ala. 496, 69 South. 115; Ex parte Margart, 207 Ala. 604, 93 South. 505; 18 R. C. L. 299. A demand is not a condition precedent to the writ. 18 R. C. L. 123; State v. Board, 180 Ala. 489, 61 South. 368; Moseley v. Collins, 133 Ala. 326, 32 South. 131.

Bankhead & Bankhead, of Jasper, for appellee.

If a demand is not alleged or shown, petition for mandamus will be dismissed. Ex parte Edwards, 123 Ala. 102, 26 South. 643; Hill v. Tarver, 130 Ala. 592, 30 South. 499; Herbert v. Board, 197 Ala. 617, 73 South. 321; Banks v. Mobley, 4 Ala. App. 517, 58 South. 745; Ex parte Scudder Co., 120 Ala. 44, 25 South. 44; Edinburg Coal Co. v. Humphreys, 134 Fed. 839, 67 C. C. A. 435; 18 R. C. L. 304. The act of defendant in entering the order was a judicial act, and cannot be controlled or reviewed by mandamus. Ex parte Merritt, 142 Ala. 116, 38 South. 183; Taylor v. Kolb, 100 Ala. 606, 13 South. 779; Ex parte Hayes, 92 Ala. 120, 9 South. 156; Ex parte Cressell, 60 Ala. 378; Ex parte Seals, 190 Ala. 641, 67 South. 240; Ex parte Cochran, 74 Ala. 50; Ex parte Redd, 73 Ala. 548; Ex parte S. & N. A. Ry., 65 Ala. 599; State v. Williams, 69 Ala. 311. Defendant had jurisdiction to make the order, and to take testimony with or without a motion. The box was illegal, for too narrowly restricting qualified jurors. Code 1907, § 7243; State v. Miller, 204 Ala. 232, 85 South. 698; Jury Com. v. State, 178 Ala. 412, 59 South. 594. The statute prescribes no notice of hearing. Douglas v. Bishop, 201 Ala. 226, 77 South. 752; Headen v. Headen, 171 Ala. 521, 54 South. 646; Singo v. Fritz, 165 Ala. 658, 51 South. 867; Miller v. First Nat. Bank, 194 Ala. 47, 69 South. 916.

On Demurrer to the Petition.

GARDNER, J. The state, on the relation of the Attorney General, filed in this court an original petition for mandamus, to be directed to the respondent as one of the judges of the Fourteenth judicial circuit, seeking to have said judge vacate and set aside an order entered by him on April 25, 1922, in Winston county circuit court, wherein the jury box for the Double Springs division of said court was quashed and held invalid.

The submission of the cause at this time is upon the demurrers of the respondent to the petition, and its sufficiency, therefore, is the only question now presented for consideration.

[1] It is the contention of the state the order of the circuit judge quashing the jury box and holding the same invalid was void upon several grounds; but the conclusion we have reached only requires a consideration of one of these grounds, which reaches the fundamental question in the case, and that is that the respondent acted without authority in entering the order. Upon its face the order discloses that respondent held the jury box invalid for the reason that in his opinion it contained only a small part of the qualified jurors of that division of the court. It is in effect a finding that in the opinion of the respondent the jury commis-

sion had been derelict in its duty in failing to place upon the jury roll and in the jury box the names of all persons residing within that division of the circuit court of Winston county who were qualified to serve in that capacity and the recitals of the order disclose that the jury box was quashed because respondent was of the opinion that the method by which it was orginally filled was irregular on this account. Respondent rests his authority for this action upon the provisions of section 7243 of the Code of 1907. A reading of this section discloses clearly a clerical omission of the word "box" following the word "jury" in the second line, as a reference to the original act demonstrates. Supplying this omission said. section reads as follows:

"Whenever in the opinion of the presiding judge of the circuit, city, or criminal court in any county the jury [box] of such county has for any reason become illegal or irregular, he may enter an order on the minutes of the court in term time, declaring the jury box of the county illegal and irregular and requiring the jury commissioners of the county to assemble on a day and place, to be named in the order, to destroy the names which may be in the box, and refill the box in the manner required by law applicable to filling jury boxes in the respective counties. The commissioners, in the performance of their duties under the order, must proceed in all things according to the provisions of the jury law applicable to the respective counties for which the box is to be refilled."

We are of the opinion this section does not support respondent's contention, for the authority therein given is to be exercised only when the jury box has become illegal or irregular, and was not intended to give to the circuit judge supervisory power over the jury commission in exercising their original authority and jurisdiction in making up the jury roll and filling the jury box. Reduced to its last analysis, the order discloses that the jury box is quashed because in the opinion of the circuit judge the jury commissioners have not properly exercised their judgment and discretion in orginally making up the jury roll and filling the jury box. This was a duty, however, devolving upon the jury commissioners selected under the law from the electorate of the county, which involved the exercise of a wide discretion, and it was not intended by the foregoing provision of the Code that this discretion should be superseded by that of the circuit judge.

In State ex rel. Denson v. Miller, 204 Ala. 232, 85 South. 698, the petition avers the jury box was unlawfully emptied and illegally and fraudulently refilled, which presents an entirely different case from that here in question. Indeed, the opinion in that case recognized that the discretion existed in the jury commission for the selection of names for the jury and the filling of the jury box

and referred approvingly to the case of Jury Commission of Morgan County v. State, 178 Ala. 412, 59 South. 594. In the latter case it was pointed out that, when the process of placing the names in the jury box had been completed, there was no authorization for any person or persons or any board or body to withdraw from the jury box a name or names, except that of judicial officials or courts in the performance of duties by law, and that a replenishment of the jury box is restricted to the provisions of section 12 of the act of 1909 (Acts 1909, p. 309), on the condition that the names in the jury box are exhausted or so far depleted that they will probably be depleted at the next drawing of the jury. The case of Garner v. State, 206 Ala. 56, 89 South. 69, did not present the question here considered.

That the original selection of the jury is a matter resting within the discretion of the jury commissioners is fully demonstrated by the opinion of this. court in the case of Green v. State, 73 Ala. 26, where was used the following language here pertinent:

"There is, and must be, an official discretion, reposed somewhere, to be exercised in furnishing a list or body of names, from which jurors, grand and petit, must be chosen. If the statute specify the qualifications for jury service, and command that jurors, to be selected, must possess such qualifications then the person or persons charged with the selection must of necessity decide who of the citizens possess the requisite qualifications. * * *

"It will be seen, in what we have shown above, that under our statutes we were forbidden to inquire in any collateral proceeding whether or not the officers charged with the duty have judiciously selected from the body of the freeholders and householders of the county a jury list of persons possessing the requisite qualifications. That power was ex industria taken away from the judiciary of this state more than 40 years ago. The policy of the statute was that grand and petit jurors in this state should be a selected class, not an indifferently summoned number from the whole body of electors. A discretion thus confined by legislative authority to officers of this state or county, to be exercised according to their opinion or judgment, cannot, on principle, become a judicial question. If there was abuse, it would seem the redress was intended to be left to the removal of the faithless officers, or in the legislative change. We confess ourselves unacquainted with any principle which would, in the absence of proof of official corruption, partiality, or dereliction, authorize us to revise or reverse the judgment or opinion of the officers clothed with the trust as to who of the male inhabitants of the county did or did not possess the requisite qualifications to authorize the placing of their names on the jury list."

We do not question, of course, the inherent power of the court in proper cases for inquiry into fraud and illegality in the selection of jurors, and, indeed, this authority was expressly recognized in State ex rel.

Denson v. Miller, supra; but the instant case does not come within the influence of that decision, for the order here in question discloses upon its face that in effect the act of the jury commission is declared invalid because the judge is of the opinion that they have not properly performed their duty, in the exercise of the discretion vested in them by law, and, indeed, the order recites that the judgment of the court is rested "upon the fact the jury commission is radically wrong." But, as said by this court in Green v. State, supra:

"Under our statutes" the courts "are forbidden to inquire in any collateral proceeding, whether or not the officers charged with the duty have judiciously selected from the body of freeholders and householders of the county a jury list of persons possessing the requisite qualifications."

The conclusion is reached, therefore, that the averments of the petition show the circuit judge acted beyond his authority, and that his order should be vacated.

[2] But it is insisted that mandamus is not the proper remedy. In Ex parte Ala. Fuel & Iron Co., 193 Ala. 496, 69 South. 115, mandamus was awarded to have vacated an order of the circuit judge which, in the opinion of this court, was entered without authority of law. Mandamus, therefore, is the proper remedy in a case of this character.

[3] The argument is further advanced that in mandamus proceedings it should be made to appear that demand had been made to the respondent to set aside the order before filing the petition. This rule is correct as applied generally in the enforcement of private rights. Ex parte Edwards, 123 Ala. 102, 26 South. 643; Hill v. Tarver, 130 Ala. 592, 30 South. 499. The rule is different, however, as recognized by the great weight of authority, where the duties sought to be performed are of a public nature, or those which affected the public at large. In such class of cases no one being specially empowered to demand the performance of the act, there is no necessity for such demand and refusal; the law under such circumstances stands in lieu of the demand. The following excerpt from High on Extraordinary Legal Remedies, § 13, very clearly points out this distinction:

"As regards the necessity of a previous demand and refusal to perform the act which it is sought to coerce by mandamus the authorities are not altogether reconcilable. The better doctrine, however, seems to be that which recognizes a distinction between duties of a public nature, or those which affect the public at large, and duties of a merely private nature, affecting the rights of individuals only. And while in the latter class of cases, when the person aggrieved claims the immediate and personal benefit of the act or duty whose performance is sought, demand and refusal are held to be necessary as a condition precedent to relief by mandamus; in the former class, the duty being strictly of a public nature, not affecting individual interests, and there being no one specially empowered to demand its performance, there is no necessity for a literal demand and refusal. In such cases the law itself stands in lieu of a demand, and the omission to perform the required duty in place of a refusal."

See Id. § 41. To the same effect see 18 R. C. D. 123, and authorities cited in the note.

This rule was recognized by this court in State ex rel. City of Mobile v. Board of Revenue, 180 Ala. 489, 61 South. 368, where it was said:

"Public duties ought to be discharged without waiting for the prod of a judicial writ; no preliminary demand was necessary."

This principle is very generally recognized. 26 Cyc. 443. The case of Moseley v. Collins, 133 Ala. 326, 32 South. 131, cited by counsel for respondent, was for the enforcement of a private right, and therefore not here in point, although the opinion of the court quotes approvingly from Merrill on Mandamus, wherein the distinction above noted is made. The case of Herbert v. Board of Education, 197 Ala. 619, 73 South. 321, was decided strictly upon its merits, and the question here presented was not determined.

We are of the opinion that the petition is not subject to the objections here urged, and the demurrer thereto will accordingly be overruled.

Demurrer overruled.

All the Justices concur.

## On Demurrer to the Answer.

PER CURIAM. The former opinion in this cause dealt with the demurrer of respondent to the petition for mandamus, which demurrer was overruled. The present submission is upon demurrer to the answer, and its sufficiency as a defense to the petition is thereby presented.

As disclosed by the previous opinion in this cause, the respondent rested his action upon the provisions of section 7243 of the Code of 1907, and the answer which was on file at the time of the submission of the demurrer has remained unchanged and without amendment of any character since the decision rendered upon the former submission. So far as any meritorious question presented on this submission is concerned, the court is of the opinion that the views previously expressed in passing upon the demurrer to the petition are conclusive to the effect that the demurrer to the answer is well taken, and a further discussion of the subject is unnecessary.

Let the demurrer be sustained.

ANDERSON, C. J., and SAYRE, GARDNER, and MILLER, JJ., concur.