(104 So. 336)

### BELL v. TERRY et al. (4 Div. 214.)

(Supreme Court of Alabama. May 14, 1925.)

1. **Jury** ⬤=64—**Jury box held illegally filled where only part of names appearing on jury roll were placed in jury box.**

Jury box was irregularly and illegally filled, in view of Acts 1909, p. 308, §§ 10, 11, 14, and Code 1923, §§ 8600–8602, where names of 611 persons were placed on jury roll, and jury commissioners placed only 305 in jury box.

2. **Mandamus** ⬤=29—**Cause reversed on mandamus to allow circuit court to direct jury box to be filled as required by statute.**

Where jury box was illegally filled in that only part of names appearing on jury roll were placed in jury box, cause will be reversed on mandamus, so that circuit court can direct jury commissioners to prepare a new jury roll and to refill jury box, as required by Acts 1909, p. 308, §§ 10, 11, 14, and Code 1923, §§ 8600–8602.

3. **Mandamus** ⬤=154(2)—**Where fraud not pleaded held not proper remedy to have venire drawn from jury box, and indictment returned by grand jury declared void.**

Where jury box was illegally filled in that only part of names appearing on jury roll were placed in jury box, mandamus to have venire drawn therefrom, and indictment returned by grand jury against petitioner declared void and subject to be quashed, *held* improper, in view of Acts 1909, p. 317, §§ 23, 29, and Code 1923, § 8630, where petition alleged no facts showing fraud in selection and filling of jury box, or in drawing venire therefrom and in drawing grand jury.

4. **Jury** ⬤=82(2)—**Irregularity in filling jury box would not render venire drawn therefrom void.**

Irregularity and illegality in filling jury box contrary to Acts 1909, p. 308, §§ 10, 11, 14, and Code 1923, §§ 8600–8602, would not render venire drawn from such jury box illegal and void.

5. **Grand jury** ⬤=8—**Irregularity in filling jury box would not render indictment returned by grand jury void.**

Irregularity and illegality in filling jury box contrary to Acts 1909, p. 308, §§ 10, 11, 14, and Code 1923, §§ 8600–8602, would not render indictment returned by grand jury void and subject to be quashed, in view of Acts 1909, p. 315, § 23, in absence of proof that grand jurors were not drawn by officer designated, or that jury commissioners fraudulently filled jury box.

---

⬤=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**6. Jury ⬦116—Venire of jurors for first week of court should not be quashed except on motion and proof showing fraud.**

Venire of jurors for the first week of court should not be quashed, though jury box was illegally filled, except on motion and proof in circuit court showing fraud in filling jury box, or in drawing or summoning jurors.

Appeal from Circuit Court, Dale County; J. S. Williams, Judge.

Petition of Perry N. Bell for mandamus, to William H. Terry and others, as jury commissioners of Dale county. From a judgment denying the writ, petitioner appeals. Reversed and remanded.

Sollie & Sollie, of Ozark, and Farmer, Merrill & Farmer, of Dothan, for appellant.

Substantial failure to comply with the statute justifies a quashal of the jury box, and of the indictment. Jury Com'rs v. Atty. Gen., 178 Ala. 412, 59 So. 594; Nelson v. State, 182 Ala. 449, 62 So. 189. Mandamus is the proper remedy. State v. Curtis, 210 Ala. 1, 97 So. 291; Garner v. State, 206 Ala. 56, 89 So. 69; State v. Miller, 204 Ala. 234, 85 So. 700.

T. M. Patterson, Solicitor, of Clayton, for appellees.

Brief of counsel did not reach the Reporter.

MILLER, J. This is an application by petition by Perry N. Bell for writ of mandamus to the judge of the circuit court of Dale county, to be directed to the jury commissioners of the county. The petitioner by the application seeks to have the jury box of the county, as filled by the jury commissioners, declared illegal and void, and that they be required to empty and refill the jury box, and further, to have the act of the presiding judge of said court in drawing the venire from this jury box for the first week of the fall term, 1924, of the circuit court, declared illegal and void, and to have the indictment against petitioner for murder found and returned by a grand jury drawn by the presiding judge at that term of the court from that venire quashed and held to be illegal and void.

The jury commissioners did not demur to the petition, but filed an answer with the state of Alabama as intervener, in which they admit the facts averred, and allege they are insufficient to entitle the petitioner to the relief he seeks, and ask the court on the hearing to dismiss the petition. The court on the hearing, on the facts as averred and admitted, denied the petition, dismissed it, and taxed petitioner with the court cost. Perry N. Bell, the petitioner, appeals from that judgment, and it is the error assigned and argued.

Between the February term 1924, and August term 1924, of the circuit court of Dale county, the jury commissioners of the county met, caused the jury box of the county to be completely emptied of the cards containing names therein, and caused their clerk to furnish them (which he did) a list of the names of the male citizens of the county over 21 and under 65 years of age; they then passed upon and determined the qualifications of the persons whose names the clerk had placed on the list; they determined that 611 of the persons possessed the qualifications of jurors required by law, and were not then exempt from jury service. They caused the names of the 611 persons, so selected, to be placed upon the jury roll for Dale county, Ala., in a well-bound book. The names were arranged therein alphabetically, by precincts, and written opposite each name was the occupation, residence, place of business of each person so selected. The jury commissioners caused to be prepared 611 plain white cards, all of the same size, with the name, occupation, place of residence, place of business of each of the 611 persons whose names had been placed on the jury roll, written thereon, there being but one of said persons' name, occupation, place of residence and of business on each card. The jury commissioners divided into two parcels the said cards containing the names of the 611 persons, and put in one parcel 305 of said cards, and in the other 306 of said cards, and they then caused said 305 cards with the contents to be placed in a metal box, provided with a lock and two keys, and they caused this box containing the 305 cards to be placed and kept as the jury box for Dale county. The jury commissioners "turned over said 306 other names, with their contents, to said Andrews, as the clerk of said commission, who then and there placed the same in a pasteboard box, which he closed and sealed and kept with its said contents separate and apart from said metal box," and none of them "have been placed in the said jury box."

The presiding judge of this circuit court of Dale county drew from this jury box of the county, which contained the 305 cards with names of persons so selected as qualified jurors by the jury commission, the names of persons to serve as grand and petit jurors during the first week of August term of the circuit court, and when court convened, the presiding judge in the manner required by law drew the names of 18 persons as grand jurors from this venire, who were in attendance, and who had not been excused and had qualified. This grand jury found and returned into open court the indictment against this petitioner charging him with murder in the first degree. The foregoing appears, in substance, to be the material facts averred in the petition and admitted in the answer.

The petitioner contends and claims the

jury box is illegal, this venire for the first week of the court drawn from this jury box was illegal, the grand jury drawn from this venire was illegal, and this indictment returned by the grand jury against him is void, and should be quashed, because this jury box of the county, 'from which the venire was drawn, contained only 305 names of persons selected and declared qualified as jurors by the jury commissioners; that it should have contained the names of 611 persons, selected and held qualified as jurors by the jury commissioners. The jury commissioners should have a jury roll and a jury box. They should place on the roll and in the jury box the names of every male citizen of the county 21, and under 65, years of age, possessing the qualifications prescribed by the statute. Sections 11 and 14, p. 305, Acts 1909.

[1] It appears from the petition and answer that the jury commissioners placed 611 names on the jury roll, but placed only 305 of these names in the jury box. Neither the petition nor the answer state any fact showing why 306 of the names placed on the jury roll were left out of the jury box by the jury commissioners. The names in the jury box should correspond with the names on the jury roll; the cards containing the names of the persons placed in the jury box should correspond to the persons on the jury roll, as to name, occupation, residence, and place of business of every person selected. Every person selected and held qualified as a juror by the jury commissioners should be placed on the jury roll, and when the jury roll is completed, the name of every person thereon should be placed in the jury box in the manner directed by the statute. Sections 10, 11, and 14, Act approved August 31, 1909 (Acts 1909, p. 305); sections 8600, 8601, 8602, Code 1923, and authorities there cited.

The names of the 611 persons placed on the jury roll should have been placed in the jury box. The jury commissioners, by placing only 305 in the jury box, of the 611 names placed on the jury roll, thereby rendered the jury box irregularly and illegally filled. It was filled by them contrary to the statutes. Acts 1909, p. 305; Jury Comm'rs of Morgan County v. State, 178 Ala. 412, 59 So. 594; State v. Curtis, 210 Ala. 1, 97 So. 291; State ex rel. Denson v. Miller, 204 Ala. 232, 85 So. 698, and authorities supra.

[2] The trial court should have granted the petition, and directed the jury commissioners to prepare a new jury roll, and to refill the jury box as the statutes direct, unless they have already done so. This cause will be reversed so such an order may be made by the circuit court. Authorities, supra.

[3-5] This irregularity in thus filling the jury box would not render the venire drawn from this jury box so filled illegal and void, and it would not render the indictment returned by the grand jury against the petitioner void and subject to be quashed; and these matters cannot be presented in this manner by this petition for review. "No objection can be taken to any venire of jurors except for fraud in drawing or summoning them." Section 29, p. 317, Acts 1909.

Section 23 of this act clearly declares:

"That no objection to an indictment on any ground going to the formation of the grand jury which found the same can be taken to the indictment, except by plea in abatement to the indictment; and no objection can be taken to an indictment by plea in abatement except upon the ground that the grand jurors who found the indictment were not drawn by the officer designated by law to draw the same."

There are no facts alleged in this petition showing the grand jurors who found and returned this indictment against the petitioner were not drawn by the officer designated by law to draw the same. See section 8630, Code, and authorities there cited. It is clear and evident from the admitted facts that the jury commissioners intended to place and did place only 305 names in the jury box, and they intended for it to contain only these 305 names, and that, as so filled, it was to be the jury box of the county. The petition alleges no fact showing fraud in selecting the 305 names to go in the jury box, in filling the jury box with the 305 names, in drawing the venire for the first week of the court from this jury box, and in drawing the grand jury.

It is true the name of each person placed on the jury roll should be placed in the jury box, but no fraud is alleged or appears to have been intended or committed by the jury commissioners on petitioner or any one else in filling the jury box with only 305 of the names placed on the jury roll. This was done contrary to the statutes, but with no fraudulent intent. No fact is alleged showing this action was fraudulently done by the jury commissioners.

[6] This venire of jurors for the first week of court should not be quashed, except on motion and proof in the circuit court showing fraud in filling the jury box or in drawing or summoning them. State ex rel. Denson v. Miller, 204 Ala. 232, 85 So. 698, and authorities, supra. This indictment should not be quashed except on plea by petitioner, in his case sustained by proof that the grand jurors who found the indictment were not drawn by the officer designated by law to draw the same, or that the jury commissioners fraudulently filled this jury box. Section 23, p. 315, Acts 1909; Whitehead v. State, 206 Ala. 288, 90 So. 351; State ex rel. Denson v. Miller, 204 Ala. 232, 85 So. 698, and authorities supra.

For the error mentioned, the judgment must be reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.