186 So. 145

## WIMBUSH v. STATE.

6 Div. 376.

Supreme Court of Alabama.

Jan. 26, 1939.

James H. Duncan, of Birmingham, for appellant.

A. A. Carmichael, Atty. Gen., and R. L. Farnell, Asst. Atty. Gen., for the State.

KNIGHT, Justice.

The defendant, appellant here, was indicted and tried for, and convicted of the offense of murder in the first degree; and his punishment was fixed by the trial jury at death.

Upon this verdict of the jury, the Court duly adjudged the defendant guilty of murder in the first degree, and sentenced him to death by electrocution.

■ There is no bill of exceptions in the record, but in the record proper we find that three motions in writing were made by the defendant prior to the selection of the trial jury. These motions were, each in turn, overruled by the Court. By force of Section 9459 of the Code, the three motions, and the rulings thereon, on this appeal, become a part of the record proper. The record, therefore, presents for review here the propriety of the Court's ruling upon each of said motions. To this end, it was not necessary that the record should show that exceptions were reserved in the lower court to the rulings on said motions. Lusk et al. v. Champion Register Co., 201 Ala. 596, 79 So. 16. And this Court has specifically held that the overruling by the Court of a motion to quash venire and to continue is reviewable on appeal, though the motion was not excepted to, and was not set out in the bill of exceptions. Stover v. State, 204 Ala. 311, 85 So. 393.

The record before us shows that the appellant was indicted by a grand jury in the Circuit Court of Jefferson County on April 8th, 1938; that on May 14th, 1938, the defendant was duly arraigned on this indictment, and in answer thereto he pleaded not guilty. The case was then set for trial on May 23rd, 1938. At his arraignment, the defendant was attended by his attorney.

■ When the case was called for trial, the defendant moved the Court to re-arraign him. It does not appear that this motion was in writing, nor does it appear upon what grounds it was predicated. The Court overruled the motion, and the judgment recites that the defendant "duly and legally" excepted. Inasmuch as the motion was not in writing, it did not become a part of the record proper, reviewable on this appeal as such, and inasmuch as there is no bill of exceptions, we are without power to review this action of the Court. Code, § 9459.

The defendant then filed his motion in writing to quash the indictment upon a number of grounds, in the main, challenging the manner of selecting jurors in Jefferson County by the Jury Commission.

The Court, on motion of the solicitor, struck the defendant's said motion to quash. The motion to strike was based upon the grounds that the motion to quash came too late, that is, after the due arraignment of the defendant, and his plea of not guilty; and also: "(5) For that said motion to quash, or plea in abatement, fails to aver or show any fraud on the part of the Jury Commission in supplying or filling the jury box with names of competent persons to serve on juries in Jefferson

County, Alabama; (6) For that said alleged motion to quash, or plea in abatement, fails to allege that there was any fraud on the part of those charged with the duty of drawing and summoning the jurors for the trial of the defendant in this cause; (7) For that it is not shown or alleged in said plea in abatement, or motion to quash, that the grand jurors who found the indictment were not drawn by the officer designated by law to draw the same."

Section 8630 of the Code provides:

*"Objections to indictments; how taken.—* No objection to an indictment on any ground going to the formation of the grand jury which found the same can be taken to the indictment, except by plea in abatement to the indictment; and no objection can be taken to an indictment by plea in abatement except upon the ground that the grand jurors who found the indictment were not drawn by the officer designated by law to draw the same; and neither this objection, nor any other, can be taken to the formation of a special grand jury summoned by the direction of the court."

Section 8631 of the Code provides:

*"Plea in abatement; when filed.—*Any plea in abatement to an indictment must be filed at the first session at which the indictment was found, if the accused has been arrested, or if the accused has not been arrested, such plea in abatement must be filed at the first session at which it is practicable after the defendant has been arrested and in all cases such plea in abatement must be filed before the plea to the merits."

So, then, the defendant's only way to object to the indictment, on grounds going to the formation of the grand jury which found and returned it, was by plea in abatement; and no objection can be taken to an indictment by plea in abatement, except upon the ground that the grand jurors who found the indictment were not drawn by the officer designated by law to draw the same.

In our case of Reese v. State, 228 Ala. 132, 152 So. 41, we held that, under our procedural statute, motion to quash an indictment is not the proper method of presenting questions going to the formation of the grand jury. We there held that such questions could only be raised by plea in abatement. This holding was reaffirmed in our more recent case of McCoy v. State, 232 Ala. 104, 166 So. 769. However, even if the motion could be treated as a plea in abatement it falls far short of averring or showing fraud in the drawing, summoning and selection of the grand jury, or on the part of the Jury Commission in filling the jury box.

And, again, whether treated as a motion to quash, or as a plea in abatement, it came too late, being filed after the plea of not guilty, and no excuse whatever being offered for the delay. Jones v. State, 181 Ala. 63, 61 So. 434; Smith v. State, 142 Ala. 14, 39 So. 329; Crawford v. State, 112 Ala. 1, 21 So. 214; Ex parte Winston, 52 Ala. 419; Whitehead v. State, 206 Ala. 288, 90 So. 351.

We can not, therefore, affirm error in the ruling of the Court in refusing to quash the indictment on the stated grounds of defendant's said motion.

We now pass to defendant's motion to quash the venire drawn and summoned for his trial. In passing upon this motion we are confronted by Section 8637 of the Code, which provides: "No objection can be taken to any venire of jurors except for fraud in drawing or summoning the jurors."

This provision of our procedural statute was enacted to accomplish a most salutary purpose; that is, to prevent the quashing of venires for mere irregularities, and to obviate the resulting delays in the administration of justice. And this Court, in the case of Bell v. Terry et al., 213 Ala. 160, 104 So. 336, taking cognizance of, and giving effect to this statute, held that a venire of jurors should not be quashed, except on due motion and proof showing fraud in filling the jury box, or in drawing or summoning the jury.

The motion to quash the venire drawn and summoned for defendant's trial wholly fails, in its averment of fact,—disregarding as valueless the defendant's opinion and unwarranted conclusions—to show or aver fraud on the part of the Jury Commission in filling the jury box, or in drawing or summoning the jurors. The Court, therefore, committed no error in refusing, upon the showing made, to quash the venire of jurors drawn and summoned for the trial of the defendant. Bell v. Terry et al., supra.

The defendant's last motion to require the emptying and refilling of the jury box was properly overruled. This was but a collateral attack upon the action of the Jury Commission. The defendant's remedy

was by mandamus against the Jury Commission. This precise question was passed upon in our recent case of Garner v. State, 206 Ala. 56, 89 So. 69, where it was held that the attack must be directed against the Jury Commission. The Court committed no error in overruling this last motion of defendant.

We have carefully reviewed and considered the entire record, and find no errors. The judgment of the Circuit Court must, therefore, be affirmed.

Affirmed.

GARDNER, THOMAS, BOULDIN, BROWN, and FOSTER, JJ., concur.