## SAYRE vs. DURWOOD.

[ACTION ON CONTRACT FOR PERSONAL SERVICES.]

1. *Relevancy of evidence showing condition of parties after making of contract.*—In an action on a contract, to recover the wages stipulated to be paid for services to be rendered, the fact that the defendant, at a time subsequent to the making of the contract, "had in his employment sufficient to do the business of the house," is *prima facie* irrelevant.

2. *Relevancy of declaration of readiness and willingness to perform contract.*—In such action, a declaration by the plaintiff, made to the defendant during the time covered by the contract, showing his readiness and willingness to perform the stipulated services, is relevant and admissible evidence for him.

3. *Examination of witness.*—It is discretionary with the primary court to permit a leading question to be put by a party to his own witness, and its action in this regard cannot be revised on error.

4. *General objection to evidence.*—A general objection to an entire question, a part of which calls for legal evidence, or to an entire answer, a portion of which is legal evidence, may be overruled entirely.

APPEAL from the City Court of Mobile.

Tried before the Hon. ALEX. McKINSTRY.

THIS action was brought by Alexander Durwood, against William Sayre and Henry Fullilove, "to recover the sum of $800," as the complaint alleged, "upon a contract with them for his services, to be rendered as clerk, during the season of 1854–5, from about the 20th November in the year 1854, to about the 1st June in the year 1855, in the grocery-store of the defendants in the city of Mobile,—which services the plaintiff was ready and will-

ing during all that time to render, and duly offered to render;" "also, the further sum of $300, for work and services done and performed by plaintiff, in and about the business of defendants, at their request, and for moneys paid, laid out and expended by plaintiff, for defendants, at their instance and request." Sayre alone was served with process, and the suit proceeded against him alone. No pleas appear in the record.

It appeared from the evidence adduced on the trial by the plaintiff, that the defendant Sayre, who was engaged in the grocery business in the city of Mobile, entered into an agreement with Fullilove, in the summer of 1854, for the formation of a partnership between them in that business; but the partnership never went into operation, in consequence of Fullilove's ill-health. At the time the agreement was made, Fullilove was a clerk in the house of Parker, Norris & Co. in Mobile, to whom William B. Weaver, a brother-in-law of the plaintiff, (and a member of the firm of Eckford & Weaver,) made application for a situation for plaintiff as clerk; and, while Parker, Norris & Co. had this application under consideration, informed Weaver of the intended partnership of Sayre & Fullilove, and agreed, through Weaver, to employ plaintiff as clerk in that house during the ensuing business season, at an annual salary of $800. Up to that time, Eckford & Weaver had given most of their custom in the purchase of groceries to Parker, Norris & Co., "principally through favor to said Fullilove." Weaver testified, "that there was no other condition to the contract for the employment of plaintiff, than that he should be paid $1,000 for his services if the business of the house should be very prosperous during that season; but that he had no doubt Fillilove expected that the house of Sayre & Fullilove would get the custom of Eckford & Weaver, and that this was a principal inducement with Fullilove for employing plaintiff." Both the partners in the house of Eckford & Weaver testified, that they would have transferred a portion of their custom to the firm of Sayre & Fullilove, or to Sayre after the firm was broken up, if the plaintiff had been employed according to the contract; but that they

Sayre v. Durwood.

never agreed, and would not agree, to pledge all their custom to any one house. "It was further proved, that Fullilove sent cards of the new firm to plaintiff, and messages through other persons, urging him to great diligence during the summer in securing custom for them. In the fall, in due time, plaintiff presented himself at defendant's store in Mobile, and offered his services to him according to the contract; Fullilove not being in Mobile at the time. The defendant then admitted that Fullilove had authority to employ plaintiff as aforesaid, but said, that Fullilove had informed him, that one of the conditions of the contract was, that they were to get all the business of the house of Eckford & Weaver; and that if they would pledge themselves to give him the filling of all their orders for groceries, plaintiff might go to work. Weaver and Fullilove were not then in the city, and did not arrive until some time afterwards; and the matter remained undecided during the season,—plaintiff being neither accepted nor discharged, but remaining all the time in the city, and frequently offering himself at the defendant's store for service. Owing to the unexampled drought, the rivers did not rise during the season, except for a very short time in the spring; and, consequently, there was but little business done at the grocery houses in Mobile during that season. In the course of the evidence, the defendant asked one Roberts, a witness for plaintiff, who was and had long been defendant's clerk, 'whether defendant had in his employment sufficient to do the business of the house during the season of 1854–5, and whether he had any necessity for more help at the time the contract was made with plaintiff.' The plaintiff objected to this question, as irrelevant and otherwise exceptionable. The court sustained the objection, and the defendant excepted."

The defendant then read in evidence the deposition of Fullilove, who testified, that the contract for the employment of plaintiff was conditional,—being dependent on the new firm of Sayre & Fullilove going into operation; and that another stipulation of the contract was, that the new firm should get all the business of Eckford & Weaver. After the defendant had read this deposition in evidence,

17

the plaintiff called one Stark as a witness, who was a clerk in the house of Eckford & Weaver during the season of 1854–5, and proposed to ask him this question : " Did not plaintiff, in January, 1855, say to Fullilove, in the office of Eckford & Weaver, and in the presence of Mr. Eckford and yourself, that if his services were not wanted by Sayre & Fullilove, he was willing, if paid for the time lost, to release them from their engagement, and to get employment elsewhere? and did not Fullilove reply, ' Wait, and it will all be right,' or words to that effect ?" The defendant objected to this question, and reserved an exception to the overruling of his objection. The witness replied, "that at the time mentioned, to-wit, in January, 1855, plaintiff did say to Fullilove, in the office of Eckford & Weaver, and in the presence of Eckford and himself, that if his services were not wanted by Sayre & Fullilove, he was willing, if paid for the time lost, to release them from their engagement, and to get employment else-where; and that Fullilove replied, ' Don't be so impatient —wait, and we will make it all right,' or words to that effect." This answer the defendant moved to exclude, as illegal, irrelevant, and inadmissible ; but the court over-ruled the objection, and the defendant excepted.

The rulings of the court on the evidence, to which exceptions were reserved, are now assigned as error.

THOS. H. HERNDON, for appellant.

A. R. MANNING, *contra*.

RICE, C. J.—The evidence conduced to show, that the contract on which the plaintiff relied for a recovery, was made in the summer of 1854. The question propounded by the defendant to the witness Roberts, called upon him to state, whether, *at a time subsequent to the making of the contract*, the defendant " had in his employment sufficient to do the business of the house." The matter thus called for is, to say the least of it, *prima facie*, irrelevant. Its relevancy was not shown, nor offered to be shown. There was no error in sustaining the objection to the question, a part of which called for this irrelevant matter.

The contract relied on by the plaintiff, and set forth in the first count of his complaint, was a contract with Sayre & Fullilove for the plaintiff's services, "to be rendered as clerk during the season of 1854–55, from about the 20th November in the year 1854, to about the first day of June in the year 1855, in the grocery-store" of Sayre & Fullilove in the city of Mobile. He avers in that count, that he was ready and willing during all that time to render the services,' and that he duly offered to render them. There was evidence tending to prove the contract; and the plaintiff clearly had the right to prove, not only that he duly offered to render the services at the beginning of the season of 1854–55, but that he was ready and willing during the season to render them. A declaration of readiness and willingness made by him, either to Sayre or to Fullilove, in the city of Mobile, during the season, is, *prima facie*, relevant for the purpose of showing his readiness and willingness at the time of such declaration. The declaration of the plaintiff to Fullilove, called for by the first part of the question proposed to the witness Stark, was, in substance, a declaration to Fullilove of the plaintiff's readiness and willingness to render the services; and was, therefore, admissible. The declaration thus called for seems to us to amount, in substance, to the following:' "I am ready and willing to serve Sayre & Fullilove, if they want my services; if they do not want them, then I am ready to compromise on the terms I here now propose." That declaration may be very weak evidence; still, as it is relevant, and as the objection was to the *whole* question, and not to part only of it, there was no error in overruling the objection.—McCargo v. Crutcher, 27 Ala. 171; Magee v. The State, at the present term.

Judgment affirmed.

Note by Reporter.—After the delivery of the foregoing opinion, on petition for a rehearing by the appellant's counsel, the following opinion was pronounced:

*Per Curiam.*—We adhere to the views expressed in the

foregoing opinion. The question propounded to the witness Stark was not objected to as leading. Besides, it is in the discretion of the primary court to permit a leading question to be put by a party to his own witness, and its action in this regard cannot be revised on error.—Blevins v. Pope, 7 Ala. 371; Watson v. Anderson, 11 Ala. 45. It is clear that the objection of the defendant was to the entire question; and as a part of the question called for legal evidence, the court did not err in overruling the objection. In like manner, the motion made was to exclude the whole answer, although the reason upon which it was founded, applied only to a particular part of the answer.

Judgment affirmed.