### NICHOLS *v.* BEARD, Collector.

*(Circuit Court, D. Massachusetts.  January 31, 1883.)*

CUSTOMS DUTIES—MEASUREMENT OF LIQUIDS.

> All importations of liquids, including ale and porter, are to be estimated according to the standard of the wine gallon of commerce, containing 231 cubic inches of measurement.

In Equity.

*Samuel W. Creech, Jr.,* for plaintiff.

*George P. Sanger,* Dist. Atty., for defendant.

NELSON, J.   This is an action against the collector of the port of Boston to recover back duties paid under protest.   At the trial by the court without a jury the following facts were proved or admitted:   The plaintiff, a merchant and resident of New York, in February, 1880, imported into the port of Boston, from Liverpool, a quantity of ale and stout otherwise than in bottles, measuring 6,200 wine gallons of 231 cubic inches each, or 5,300 beer gallons of 282 cubic inches each. In the invoices and entry by the plaintiff the number of gallons was given in beer measure.   The collector, taking the wine gallon as the standard of measure, assessed a duty of 20 cents a gallon on 6,200 gallons, and exacted the same from the plaintiff, who, claiming that the duty should have been assessed upon only 5,300 gallons, the number of gallons according to beer measure, protested against the payment of the duty upon the 900 gallons in excess of the number

of beer gallons, and paid the duty thereon—$180—under protest. He seasonably applied to the secretary of the treasury, and in due time, after an adverse decision of the secretary upon his appeal, brought this action. The proceedings at the custom-house were in due form of law.

The only gallon of liquid measure authorized by the treasury department, and distributed to the custom-houses for use therein, is the wine gallon of 231 cubic inches, which was adopted as the standard of liquid measure by the department in 1832.

By a resolution of congress, approved June 14, 1836, providing for the distribution of weights and measures, the secretary of the treasury was directed "to cause a complete set of all the weights and measures adopted as standards, and now either made, or in the progress of manufacture, for the use of the several custom-houses, and for other purposes, to be delivered to the governor of each state in the Union, or such person as he may appoint, for the use of the states respectively, to the end that a uniform standard of weights and measures may be established throughout the United States." The only gallon of liquid measure distributed to the states by the secretary of the treasury under this resolution was the wine gallon.

The wine gallon of the treasury department has, for many years, been the statute standard of liquid measure in most, if not in all, of the states. No other gallon than the wine gallon was ever used in the custom-house at Boston. In the New York custom-house, prior to 1871, the wine gallon was used in all cases, except that ale and beer were returned on the basis of the beer gallon. But in that year the attention of the secretary of the treasury having been called to the practice, he instructed the collector at New York, in a letter dated January 5, 1871, as follows:

"Your communication of the fourteenth instant has been received, inclosing a letter from the surveyor, stating that it is the practice at your port to return the measure of imported ale in beer gallons; and in reply you are informed that the department has this day decided, on the appeal of J. D. Richards & Sons, at Boston, that such practice is incorrect, and that all liquors subject to duty by the gallon should be returned on the basis of wine liquid gallons. This decision is the more readily arrived at in view of the repeal of the 103d section of the act of 1799, which originated the said practice at your port, and also by reason of the general commercial usage of the country in estimating all liquids by wine or liquid measure."

Since the date of this letter the wine gallon only has been used at the New York custom-house. The sale of ale and beer in this country, at retail, has for a long period of time been by wine measure.

Prof. Alexander D. Bache, United States superintendent of weights and measures, in his report to the secretary of the treasury, dated December 30, 1856, says that "the standard of liquid capacity measures should be the gallon containing 231 cubic inches." See Senate Ex. Doc. No. 27, 34th Cong. 3d Sess. Under the word "gallon," in Worcester's dictionary, it is said that the wine gallon of 231 cubic inches is the government or customs gallon of the United States; in Webster's dictionary, that the standard gallon of the United States contains 231 cubic inches; in Appleton's Cyclopedia, that the gallon of the United States is the standard or Winchester wine gallon of 231 cubic inches. Bouvier, in his Law Dictionary, defines a gallon as "a liquid measure containing 231 cubic inches, or four quarts." Heyl, U. S. Import Duties, Part 3, p. 53, states that "the United States standard gallon is to the British imperial standard gallon nearly as 5 is to 6," which gives our standard gallon as 231 cubic inches.

By Rev. St. § 2504, Schedule D, this duty is imposed "on ale, porter, and beer, in bottles, 35 cents per gallon; otherwise than in bottles, 20 cents per gallon." The question in the case is whether, under this clause, the duty is to be estimated on the wine gallon or on the beer gallon. Words and phrases found in the custom laws are to be understood in their commercial sense, and are to be interpreted according to the known usages of trade and business. This is the uniform rule in the construction of this class of statutes. *200 Chests of Tea,* 9 Wheat. 430; *U. S.* v. *112 Casks of Sugar,* 8 Pet. 277; *U. S.* v. *Breed,* 1 Sumn. 159. The act must therefore refer to the gallon of commerce. That this is the wine gallon is sufficiently evident from the facts found in the case, as well as from the known usages of the country, of which the court will take notice. This is in accordance with all the authorities. No authority has been produced, and it is believed that none exists, to show that the old beer gallon is the standard of liquid measure in any part of the country, whether in the measurement of ale and beer, or of any other liquids.

The practice in the New York custom-house prior to 1871, seems to have had its origin in the act of March 2, 1799, § 103, (1 St. 262,) which enacted that no beer, ale, or porter should be imported into the country "except in casks or vessels, the capacity of which shall not be less than forty gallons beer measure, or in packages containing less than six dozen bottles." But whatever sanction was given by this provision to the practice, was removed by its repeal by the act of eighteenth July, 1866, § 43, (14 St. 188.)

The plaintiff relies upon the act of first March, 1879, § 21, (20 St. 351,) which enacted that "the word 'gallon,' whenever used in the internal-revenue law, relating to beer, ale, porter, or other similar fermented liquors, shall be held and taken to mean a wine gallon, the liquid measure containing 231 cubic inches." But this act was plainly declaratory of the law as it then existed, and was not intended to establish a new standard of measurement in the customs and excise departments. Its object was to put a stop to an erroneous practice then prevailing in the internal-revenue department, of estimating domestic malt liquors by beer measure, and to require it to conform to the reorganized standard of the customs service and of the mercantile community. We are of opinion that the collector was right in estimating the plaintiff's importation by the wine gallon, and assessing the duty thereon accordingly.

The point was determined in the same way by Mr. Attorney General DEVENS, whose learned opinion is reported in 16 Op. Atty. Gen. 359. We fully concur both in his reasoning and conclusion.

Judgment for the defendant.