# Brassell *v.* The State.

## *Indictment for Rape.*

1. *Organization of jury.*—When the judgment-entry recites that the jury was "duly organized, impanelled and sworn according to law," and no objection was made, nor exception reserved, it will be presumed that everything was regularly done, and that the defendant was not deprived of any legal right of challenge.

2. *Leading questions* to a witness, on direct examination, may be allowed in the discretion of the court, and their allowance is not revisable on error or appeal.

3. *Argumentative charges* are properly refused; as, where a charge instructs the jury that, if they find from the evidence that the prosecutrix has made declarations out of court tending to exonerate the defendant, and which are irreconcilable with her testimony on the stand, they must look to this fact in determining the credibility of her testimony; or, that if they find that the testimony of the prosecutrix was induced by fear, threats or persuasion on the part of her father, they must discard that part of her testimony, and it should not have any weight in determining the guilt of the defendant.

From the Circuit Court of Autauga.

Tried before the Hon. Jas. R. Dowdell.

The defendant in this case, Robert S. Brassell, was indicted for a rape on Georgie Buckner, a girl about fifteen years of age, who was his niece, was convicted, and sentenced to the penitentiary for life. The bill of exceptions does not show any objection or exception reserved by the defendant during the organization of the jury, and the judgment-entry recites that the jury was "duly organized, impanelled and sworn according to law." On the trial, the prosecutrix testified to the commission of the offense on her person by the defendant, one night while she was sleeping in the same room with her grandparents, and the defendant was sleeping in an adjoining room

[Brassell v. The State.]

with a nephew; and that he accomplished his purpose by force and threats, firing off his pistol, and frightening the old people out of the room. Her testimony was corroborated, in some particulars, by the nephew, who testified to what he saw and heard that night, and also said that the defendant, on returning to bed, told him what he had done. On the prosecutrix hesitating during her examination in chief, the court allowed the solicitor to ask her two leading questions as to the particulars of the assault, to each of which she answered *yes;* and to the allowance of each of these questions and answers exceptions were duly reserved by the defendant. The defendant also introduced evidence tending to impeach the prosecutrix, by proof of her declarations out of court, before the trial, that the defendant was not guilty of the charge, and that she was induced to make the accusation by persuasion and threats on the part of her father, who entertained an old grudge against the defendant; all of which was denied by her, and by her father.

The defendant requested the following charges in writing, and duly excepted to their refusal: (1.) "If the jury find from the evidence that Georgie Buckner made declarations before the trial of this case, tending to show the innocence of the defendant, or to exonerate him from the offense with which he is charged, and that these declarations are irreconcilable with her evidence on the stand, they must look to this fact in determining the *validity* [credibility?] of her evidence." 2. "Before the jury can find the defendant guilty, the evidence proving his guilt must be free from any circumstance tending to show that it was procured through fear, persuasion or threats on the part of any person; and if they find that Georgie Buckner testified as she did through fear, persuasion or threats of her father, they must discard that part of her evidence which was thus procured, and it should not have any weight in determining the guilt of the defendant."

WATTS & SON, and SADDLER & HOLMES, for appellant.

WM. L. MARTIN, Attorney-General, for the State.

STONE, C. J.—We find no error in this record. There is nothing which authorizes us to infer that the accused was denied his legal right of challenges in the organization of the jury. Such denial, if it occurred, should have been objected to in the court below, and the question reserved. In the absence of such reservation, we presume the trial court did its duty.

[Brantley v. The State.]

Presiding judges in primary courts frequently find it necessary to permit leading questions to be propounded to witnesses, in order to get the facts before the jury. Such rulings are not revisable.—*Sayre v. Durwood*, 35 Ala. 247; 1 Brick. Dig. 886, § 1183.

The first charge asked by defendant is somewhat confusing, and each of them is but an argument. Such charges should never be given.—*Pellum v. State*, and citations, 89 Ala. 28; *Salm v. State*, *Ib.* 56; *Little v. State*, *Ib.* 99; *Morris v. State*, 87 Ala. 85.

Affirmed.