### RUSSELL v. STATE.  (6 Div. 429.)

(Court of Appeals of Alabama.  June 17, 1924.)

1. Intoxicating liquors &em;227—Question whether defendant worked properly excluded.

In a liquor prosecution, exclusion of a question whether defendant worked regularly every day was proper, since it was not material to any issue.

2. Criminal law &em;338(1)—Facts not tending to prove or disprove matter in issue not admissible.

Facts which do not tend to prove or disprove the matter in issue are not admissible.

3. Intoxicating liquors &em;226—Witnesses &em;240(4)—Question whether third person ran away held leading and immaterial.

A question asked defendant in a liquor prosecution, whether a man with him at the time he was arrested ran away after "they got after" defendant, was properly excluded as leading and not material to any issue.

4. Criminal law &em;1170½(1)—Witnesses &em;240(2)—Permission of leading questions rests in trial court's discretion and is not reviewable.

The permission of leading questions by a party to his own witness rests in trial court's discretion, and is not reviewable on appeal.

5. Criminal law &em;723(3)—Remarks of prosecuting attorney held not to transcend limits of legitimate argument.

In a liquor prosecution, remarks of state solicitor, "if you don't believe in enforcement of whisky law when evidence is sufficient, you ought to tell court so," did not transcend limits of legitimate argument.

6. Criminal law &em;726—Remarks of state solicitor held within bounds of legitimate argument.

In a liquor prosecution, remarks of state solicitor that "You can swing anything you have a mind to into these lawsuits" did not transcend bounds of legitimate argument, where he may have referred to defendant's statement that "he was hunting for his pups."

7. Intoxicating liquors &em;238(4)—Purpose of possession may be inferred.

The jury might infer from the fact of defendant's possession of a large quantity of whisky on a public road that he had it for purpose of sale and not for private use.

8. Intoxicating liquors &em;238(1)—Affirmative charge properly refused where evidence in conflict.

The general affirmative charge for defendant in a liquor prosecution was properly refused, where there was a conflict in evidence.

9. Criminal law &em;753(1)—General charge should not be given where evidence is in conflict or different inferences may be drawn.

The general charge should never be given where there is a conflict in the evidence or different inferences may be drawn therefrom.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

John Russell was convicted of violating the prohibition law, and appeals.  Affirmed.

Mathews & Mathews, of Bessemer, for appellant.

The burden is upon the state to make out a prima facie case before it should be submitted to the jury. Hill v. State, 19 Ala. App. 483, 98 South. 317; Williams v. State (Miss.) 98 South. 338; Pitts v. State, 19 Ala. App. 559, 99 South. 51. It is improper for counsel to argue an unauthorized allusion to a supposed impression or bias of the jury of which there was no proof and of which no proof could be lawfully made. Roden v. State, 3 Ala. App. 193, 58 South. 74; Johnson Bros. v. Brentley, 2 Ala. App. 281, 56 South. 742; B. Ry. Co. v. Drennen, 175 Ala. 349, 57 South. 876, Ann. Cas. 1914C, 1037; Jackson v. Robinson, 93 Ala. 157, 9 South. 391.

Harwell G. Davis, Atty. Gen., and O. B. Cornelius, Asst. Atty. Gen., for the State.

Counsel argue the points raised, but without citing authorities.

---

&em;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

FOSTER, J. The appellant (defendant in the court below) was charged in the affidavit with selling or keeping for sale prohibited liquors or beverages, and with having in his possession such prohibited liquors. There were two counts in the affidavit, and the jury returned a general verdict of guilty.

The evidence for the state was directed to showing that a deputy sheriff met the defendant on the road in beat 1, Jefferson county, and that he had two hot water bags around his neck, each containing about one-half gallon of whisky; that he also had a sack with a jug of whisky in it. The defendant denied having in his possession any prohibited liquors.

[1] The question propounded by defendant's counsel to a witness for the defendant, "Does John [meaning the defendant] work regularly every day?" was not material to any issue in the case. The issue presented was whether the defendant had in his possession prohibited liquors at the time testified to by the state's witness.

[2] Facts which do not tend to prove or disprove the matter in issue are not admissible. It is apparent the evidence proposed to be introduced had no relation to the offense with which the defendant was charged and could not afford any reasonable presumption of his guilt or innocence and was properly excluded. McCormack v. State, 102 Ala. 161, 15 South. 438.

[3, 4] The court did not err in sustaining the state's objection to the question propounded to defendant on direct examination by his counsel, "Did he [referring to another man with the defendant at the time] run away from there after they got after you?" The question was leading. The permission of leading questions by a party to his own witness is in the discretion of the trial court, and its discretion exercised in permitting or refusing to allow leading questions is not revisable on appeal. Sayre v. Durwood, 35 Ala. 247; McDonald v. State, 118 Ala. 672, 20 South. 672; Brassell v. State, 91 Ala. 45, 8 South. 679. The question was not material to any issue involved in the case on trial.

[5] The defendant objected to the following portion of the argument of state's solicitor to the jury: "If you don't believe in the enforcement of the whisky law when the evidence is sufficient you ought to tell the court so." This did not transcend the limits of legitimate argument.

[6] The defendant objected to the following portion of the argument of the solicitor: "You can swing anything into these lawsuits if you have a mind to." The solicitor may have referred to the defendant's statement that he "was there hunting for his pups." This fact was in evidence, and the solicitor was within the bounds of legitimate argument in commenting on it.

[7] Charge 1, the general charge for the defendant as to the first count, was properly refused. The jury may infer from the fact of the possession by the defendant of a large quantity of whisky on a public road that he had it for the purpose of sale and not for private use.

[8, 9] Charge 2, the general affirmative charge for defendant as to the second count, was properly refused. There was a conflict in the evidence. The general charge should never be given where there is a conflict in the evidence or different inferences may be drawn therefrom. Bufford v. Raney, 122 Ala. 565, 26 South. 120.

The record discloses no error. The judgment of the circuit court is affirmed.

Affirmed.