150 So. 362

## BOLTON v. STATE.
### 8 Div. 841.

Court of Appeals of Alabama.
June 30, 1933.

Rehearing Denied Sept. 12, 1933.

Travis Williams and William Stell, both of Russellville, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

Brief did not reach the Reporter.

SAMFORD, Judge.

On the trial defendant filed a plea in abatement on the ground that the grand jury returning the indictment was not drawn and impaneled as required by law. The evidence on said plea is as follows:

"State of Alabama, Franklin County.

"The regular Fall session of the Circuit Court of Franklin County, Alabama, having heretofore been held the first Monday In November of each year; it is hereby ordered by the Court that the same is hereby changed to the first Monday in October for the year 1932, and for each year thereafter until further orders of the Court.

"I, Fred Johnson, the Judge of the Court, being sworn at his own instance, testified as follows: The Judge of the Circuit Court of the 11, Judicial Circuit came to Russellville on or about Sept. 17, 1932, to draw jurors for the first term of the Circuit Court of Franklin County to convene the first Monday in October, 1932. By the order of the Court the regular term of Court was changed from November to October under agreement between the attorneys of Franklin County and Colbert County to change the terms of Court between these two Counties. The Judge ascertained that no cases were set for the first week of the said regular term in Franklin County, and that there were no necessity of drawing more jurors for the first week than a number sufficient from which to select a grand jury. Thereupon the Court proceeded to open the jury box and draw a venire for the first week of the October term, and draw therefrom twenty four names as the regular venire for the first week of the October term and handed them to the Clerk with instructions to have them subpoenaed as jurors for the first week of the term. The Clerk then requested the Court, as an accommodation to the Sheriff, in order to facilitate the service of subpoenaes, and to avoid unnecessary expense in duplication in the service of subpoenaes, to draw the venires for the second and third weeks of said regular term. Thereupon the court drew from the jury box the venires for the second and third weeks of the term with instructions to the Clerk to keep them separate. No cases were set, and no cases were tried during the first week of the term. The regular grand jury for the October term was drawn out of the hat from the venire drawn for the first week. There being no cases set for trial for the first week, no petit juries were organized, but after the organization of the grand jury, and the drawing of same from the hat in accordance with the provisions of the statute, the rest of the jurors for the first week were discharged.

"(The above and foregoing being all the evidence on the plea and [in] abatement and motion to quash, the Judge denying the plea and overruling the motion to quash, the defendant then and there duly excepted to the judgment and ruling of the court.)"

The plea was denied.

■ There being no necessity for a petit jury during the first week, the judge of the circuit could in his discretion draw and have summoned a sufficient number of jurors (not less than eighteen) from which to organize a grand jury. Code 1923, § 8616; Patterson v. State, 171 Ala. 2, 54 So. 696.

■ It being admitted that the judge of the circuit did the drawing and no fraud being alleged, the plea was properly overruled. Code 1923, § 8630; Bell v. Terry, 213 Ala. 160, 104 So. 336.

■ The defendant was caught by the sheriff and his deputies transporting a five-gallon jug and a half-gallon jar of prohibited liquors. It was relevant to prove by the sheriff and the other officers that they measured the contents of the jug, and that it contained at the time it was being transported a little more than five gallons of whisky. The fact that defendant was not present when the measuring was done did not render the testimony inadmissible. This was in no wise an admission of defendant, nor was it hearsay. The statement was of a fact.

There is no error in the record, and the judgment is affirmed.

Affirmed.