## McGEE v. STATE.

### 8 Div. 581.

Court of Appeals of Alabama.

Oct. 26, 1937.

Rehearing Stricken Nov. 16, 1937.

Thos. C. Pettus, of Moulton, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

SAMFORD, Judge.

The question raised on the validity of the venire is identical with a similar question raised in the case of Parker v. State (Ala.App.) 177 So. 168.[1] In the Parker Case, supra, the facts are the same, and on the authority of that case we hold that the court did not err in overruling the motion to quash the venire and overruling the plea in abatement.

In view of the fact that the questions raised, and the facts set out in the bill of exceptions, are identical in the two cases, it becomes unnecessary to discuss them further in this case.

The evidence in this case tends to prove, without conflict, that the defendant was in possession of a number of cases of beer in pint bottles, and that such beer was a prohibited liquor under the prohibition statutes.

We have examined the various rulings of the court upon the admission of testimony, and in none of said rulings do we find error prejudicial to the defendant's case:

[1] Ante, p. 598.

The excerpts from the oral charge of the court to which exceptions were reserved, when taken and considered with the entire charge of the court, properly state the law of the case, and in none of said excerpts do we find error prejudicial to the defendant.

Exception was reserved to a failure of the court to charge the jury: "That the defendant must have had a guilty scienter or knowledge the beer was on his premises, if it were beer and were on his premises." The court did charge the jury that the beer must have been in the possession of the defendant before a conviction could be had, and if the defendant desired that statement qualified he should have requested a charge, in writing, to that effect.

We have also examined other exceptions reserved by the defendant and in them we find no questions of merit.

We find no error in the record, and the judgment is affirmed.

Affirmed.

