177 So. 168

### PARKER v. STATE.

### 8 Div. 588.

Court of Appeals of Alabama.

Oct. 26, 1937.

Rehearing Stricken Nov. 16, 1937.

Thos. C. Pettus, of Moulton, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

No briefs reached the Reporter.

SAMFORD, Judge.

The indictment was in three counts: No. 1 charging the unlawful possession of alcoholic liquors; No. 2 charging the unlawful possession of beer; and No. 3 charging that the defendant did maintain an unlawful drinking place. On the trial counts 2 and 3 were eliminated by written instructions of the court. This obviates the necessity for passing upon any questions involved in this appeal dealing solely with counts 2 and 3.

■ The defendant challenges the indictment by motion to quash and, upon this motion being overruled, by plea in abatement. As to the motion to quash and the rulings of the court thereon, it is sufficient to say that such motion will not lie, by reason of section 8630 of the Code of 1923, which provides: "No objection to an indictment on any ground going to the formation of the grand jury which found the same can be taken to the indictment, except by plea in abatement to the indictment."

■ As to the plea in abatement which was overruled by the court, it appears that the grand jury was drawn by the Presiding Judge in open court, as required by law. The statement of the Presiding Judge appearing in the bill of exceptions discloses a substantial compliance with the statute, and as is provided by section 8630 of the Code of 1923: "No objection can be taken to an indictment by plea in abatement except upon the ground that the grand jurors who found the indictment were not drawn by the officer designated by law to draw

the same; and neither this objection, nor any other, can be taken ·to the formation of a special grand jury summoned by the direction of the court."

It being admitted that the judge of the circuit court drew the grand jury, and no fraud being alleged, the plea was properly overruled. Code 1923, § 8630; Bolton v. State, 25 Ala.App. 539, 150 So. 362; Bell v. Terry, 213 Ala. 160, 104 So. 336.

■ On the trial of the case, it is made to appear by the bill of exceptions that the defendant, either as a partner or as sole proprietor, was maintaining a filling station coupled with a general merchandise establishment at which, among other things, beer, with an alcoholic content of some 4 per cent., was sold and dispensed by the defendant, or under his direction, and at a time prior to the indictment in this case and within twelve months the officers of the county, to wit: The sheriff and his deputies went to defendant's place, and there found in his possession beer in pint bottles of which they took and carried away four. Two of these bottles were carried to the office of the state toxicologist at Auburn and analyzed, and found to contain an alcoholic content of four point six by volume, and three point ten by weight.

There was a long examination, much of it unnecessary, relative to the scientific examination by the toxicologist in the analysis of the beer. However, the evidence is without conflict, tending to prove that the two bottles of beer analyzed by the toxicologist were taken by the deputy sheriff from the possession of the defendant, and that there were other bottles in the possession of the defendant at the time the two bottles were taken corresponding in size, looks, and contents to the two bottles analyzed by the toxicologist.

With· this evidence before the jury, the court properly charged them that if they believed from the evidence that the defendant was, knowingly, in possession of the two bottles of beer, under circumstances testified to by the state's witnesses, he would be guilty.

While, as we have said, the evidence on this point was unnecessarily prolonged, we have examined the rulings of the court, upon its introduction, and find no reversible error committed.

■. In addition to what we have said above, the evidence is without conflict that the defendant was in possession, in his place of business, of several cases of beer at the time the officers obtained the bottles analyzed. Some of the beer was in the icebox and had no labels on it. There is no evidence in this case that the beer found in the possession of the defendant, or in his place of business, was so labeled and branded as to come within the exemption of the Act of Legislature of 1932. Gen.Acts 1932, Ex.Sess., p. 56.

The sale and possession of beer as a beverage is still a violation of the law in Colbert county, except that, under the act of the Legislature, just above cited: "All beverages, liquids, drinks or refreshments, described in Section 1 of this Act, manufactured for sale or sold in this State shall be only in pint bottles containing 12 fluid ounces of same to the bottle thereof, which bottle shall be hermetically sealed and labeled by the manufacturer with the label plainly showing the name of the product, the name and place of the manufacturer, the ingredients of the contents, including the amount of alcohol, if any, and the bottle shall also bear the license stamp label of the manufacturer, dealer, distributor or retailer as may be prescribed by law. The manufacturer shall also stamp or cause to be stamped or imprinted permanently into the bottle the name of such manufacturer." Section 2.

There is no evidence in this case that the beer found in possession of the defendant even attempted to comply with this law, so as to make it exempt.

Under these conditions and facts, whether the beer contained alcohol or not was of no moment, and, therefore, the only question to be determined by the jury was whether or not the defendant was the owner or in possession of the place of business where the beer was found, and did he know of its presence. Flippo v. State, ante, p. 237, 170 So. 494; Edwards v. State, ante, p. 207, 169 So. 22; Allbright v. State, ante, p. 2, 165 So. 259; Kirtland v. State, ante, p. 376, 172 So. 680.

There were certain exceptions reserved to portions of the court's oral charge. These excerpts, when taken and considered in connection with the· entire charge of the court, were without error, and exceptions thereto were properly overruled.

We find no error in the record, and the judgment is affirmed.

Affirmed.