58 So.2d 644

## STEPHENS v. STATE.

6 Div. 313.

Court of Appeals of Alabama.

Feb. 19, 1952.

Rehearing Denied March 13, 1952.

Walter G. Woods, Tuscaloosa, for appellant.

Si Garrett, Atty. Gen., and Thos. M. Galloway, Asst. Atty. Gen., for the State.

CARR, Presiding Judge.

The accused was charged and convicted of transporting prohibited liquor in quanti-ties of five gallons or more. Title 29, Sec. 187, Code 1940.

In material aspects the evidence is not in dispute. The defendant did not testify nor offer any witnesses in his behalf.

The State proved that the appellant was driving a truck in which there was a jug containing a little more than five gallons of "moonshine" whiskey.

■ Within the time required by law appellant filed a motion for a new trial. More than thirty days after the date of the judgment of conviction, he filed an amendment to the motion which contained grounds which were not germane to the grounds posed in the original motion. The court struck the amendment on motion of the State. This action was in line with the authorities. Francis v. Imperial Sanitary Laundry & Dry Cleaning Co., 241 Ala. 327, 2 So.2d 388; Camp v. Atlantic Coast Line R. Co., 251 Ala. 184, 36 So.2d 331; Ex parte United States Shipping Board Emergency Fleet Corp., 215 Ala. 321, 110 So. 469.

It appears from the record that after the solicitor stated the case to the jury appellant's counsel made a reply but did not state that the defendant pleaded not guilty. This was called to the attention of the trial judge, so he stated: "Gentlemen of the jury, the defendant says nothing, so I will put in a plea of not guilty for him."

The judgment entry recites:

"This day comes J. Monroe Ward, as Solicitor who prosecutes for the State, and the defendant being brought into open court fails to enter a plea to the indictment charging him with Transporting five (5) gallons or more of prohibited liquors and the Court enters a plea of not guilty for him."

The action of the court in entering the plea is authorized by the provisions of Title 15, Sec. 276, Code 1940.

The insistence is made that "this was all done in an ex mero moto (sic) fashion without any arraignment of the appellant."

■ It is apparent that the record does not sustain this position. Appellant's counsel did not object to the procedure nor in any manner question its regularity.

When the hearing was had on the motion for a new trial, some effort was made to establish that it was irregular, but this position related to a ground which appeared only in the amended motion. This belated attack was not properly before the court, as we have pointed out.

■ The venue of the offense was established by the evidence. In any event, counsel did not call the attention of the court to a failure of proof in this respect. Circuit Court Rule 35.

This necessity cannot be obviated by raising it for the first time on motion for a new trial. Prescott v. State, 20 Ala.App. 466, 103 So. 75.

Counsel urges that the State failed to prove that the jug contained five gallons or more of whiskey.

Some of the officers testified that the container was a five gallon jug and that it was completely full. After the arrest of the appellant and in his presence the officers measured the contents of the jug in this fashion: The officers secured "a standard, graded quart measuring container, marked off in gills, pints and gills." At each measurement the cup was filled to near overflowing. They found by this method of measuring that the jug contained five gallons and about two ounces. This corresponded to the evidence relating to the size of the jug.

Counsel contends that it was not shown that the cup was manufactured to conform to the standard weights and measurements of the United States Department of Fair Standards and Weights.

The measuring cup was not introduced in evidence and we have no way of examining it. From the record we conclude that it was of the kind that is usually and ordinarily used for liquid measuring purposes.

■ Under the proof the jury was authorized to find that the jug contained five gallons of whiskey. We should not disturb this finding.

In his argument to the jury, the prosecuting attorney made this statement: "In this case, gentlemen, this evidence has been uncontroverted. The State has put

on its evidence, and it has been perfectly clear, the evidence of the State, that the defendant transported five gallons of whiskey, and it has been uncontroverted."

The court overruled appellant's objection to this assertion.

■ We reviewed a question very similar in import and nature in the recent case of Littlefield v. State, Ala.App., 63 So.2d 565. This authority supports our view that the court did not err in overruling the objections to the statement of instant concern.

We find no reversible error in this record.

The judgment below is ordered affirmed.

Affirmed.