59 So.2d 685

**PEPPERS v. STATE.**

**8 Div. 104.**

Court of Appeals of Alabama.

March 13, 1952.

Rehearing Denied May 13, 1952.

J. W. Sherrill, Jr., Decatur, for appellant.

Si Garrett, Atty. Gen., and Robt. Straub, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

This appellant has been found guilty by a jury in his trial under an indictment charging that he "did transport in quantities of five gallons or more prohibited liquor or beverages" etc.

Appellant filed a plea of autre fois convict. The plea sets forth the affidavit to which appellant had previously plead guilty, and the judgment in the Justice of the Peace Court entered pursuant to such plea.

The plea shows that the charge on which the appellant had been convicted in the justice court was that he "was a vagrant."

The plea of autre fois convict is sufficient as to essential formal parts.

The State demurred to this plea, and the demurrer was sustained.

This ruling of the court was correct. If the evidence necessary to support the second charge would have been sufficient to warrant a conviction on the first charge, then it is considered that both charges involve the same offense. See Eastep v. State, 25 Ala.App. 593, 151 So. 616, for excellent discussion by Rice, J., of tests to be applied in determining if both charges refer to the same offense.

The offense of transporting five gallons or more of prohibited liquors is not related to or the same as vagrancy.

It is true that Section 437(4), Title 14, Code of Alabama 1940, among many others, defines as a vagrant any person who unlawfully sells any spirituous, vinous, or malt liquors. However, it is self-evident that proof necessary to sustain a conviction for transporting would not sustain a conviction for unlawful sale of liquors, and vice versa.

Under our statutes and decisions relating to intoxicating beverages it is unlawful to possess, sell, or offer for sale intoxicating liquors, except under the provisions set forth in our statutes. Sec-

tions 98–130, Title 29, Code of Alabama 1940. It has been held that a jury may infer from the fact of possession of a large quantity of illegal liquor that a defendant had it for the *purpose of sale,* and not for private use. Russell v. State, 20 Ala.App. 68, 101 So. 71. Subsection (4) of our vagrancy statute, supra, relates only to selling prohibited liquors, and not to possession for the purposes of selling, an offense distinct from actually selling.

The appellant's plea of autre fois convict therefore shows on its face that the offense for which appellant was convicted in the justice court was a separate and unrelated offense from that set forth in the indictment in the present case. Several grounds supporting the demurrer were addressed to this defect in the plea.

The evidence introduced by the State tended to show that about eight o'clock at night two deputy sheriffs of Morgan County, Mr. Kirkpatrick and Mr. Barnes, were parked on a dirt road near a bridge. Another car approached from the opposite direction. Mr. Kirkpatrick turned on the siren of his car and slowly approached the bridge. The two cars almost met on the bridge, when the driver of the other car stopped and then began backing up the road. Mr. Kirkpatrick followed within a few feet. Mr. Barnes left the officer's car and trotted along on foot.

This pursuit continued for about a quarter of a mile before the officers apprehended the other automobile.

During this pursuit both officers testified they heard the sound of breaking glass coming from the direction of the car they were trying to overtake.

When they reached this car it was being driven by Jimmy Moody, a boy seventeen years of age. Mrs. Evie Moody, mother of Jimmy, was also on the front seat, and the appellant was on the back seat.

In the Moody automobile the officers found a five gallon can filled with moonshine whiskey. This can was on the front floor of the car on the right-hand side, pushed up under the dash board as far as it would go.

On the floor in the rear the officers found two pasteboard boxes with four spaces in each box made by intersections.

Searching along the side of the road between the bridge and the place where they had overtaken the Moody car the officers found five one gallon glass jugs filled with moonshine whiskey, and the broken remains of two other jugs.

These jugs and remnants were found on the same side of the road that would also be the driver's side of the Moody car when it was being reversed.

The evidence presented by the defense was directed toward showing that Jimmy Moody owned the automobile in which the can of whiskey was found; that he had offered to drive his mother to Decatur to catch a bus and had asked appellant, who had just arrived at Mrs. Moody's house, if he would not ride with them.

Jimmy Moody testified that earlier in the day he had bought eleven gallons of whiskey and had made arrangements to sell and deliver it that night.

He had placed the whiskey in his automobile, and driven to his mother's home where he learned of her contemplated trip. He offered to drive her to Decatur, and appellant being present asked him to go along. He did not tell either his mother or appellant of the presence of the whiskey in the automobile.

He drove a circuitous route to Decatur in order to contact the party to whom he was to deliver the whiskey, but before making this contact he was apprehended by the officers.

Jimmy further testified that during the time he was reversing his automobile after meeting the other car on the bridge he saw the appellant throwing the glass jugs of whiskey out of his automobile.

Appellant's counsel argues that without the testimony of Jimmy Moody, an accomplice, to the effect that the appellant threw the jugs from Moody's car during the pursuit by the officers, the State's evidence is insufficient to support the verdict, and further, that Moody's testimony being uncorroborated, the appellant could not properly be convicted.

Of course the fallacy of such argument is that Moody's testimony was sufficiently corroborated. The appellant was present in the automobile, the officers heard the sound of breaking glass during their pursuit of the Moody car, and later found the five jugs of whiskey and the remnants of two broken jugs on the side of the road upon their search immediately after taking the Moodys and the appellant into custody. They also found the two empty cartons in the rear. This evidence is not equivocal, it does more than raise a suspicion of appellant's guilt, and legitimately tends to connect the appellant with the offense with which he was charged, and is abundant in its tendencies to corroborate Moody's testimony. Fuller v. State, 34 Ala.App. 211, 39 So.2d 24, certiorari denied 252 Ala. 20, 39 So.2d 29; Sorrell v. State, 249 Ala. 292, 31 So.2d 82.

Deputy Kirkpatrick, after appellant's counsel stated he "waived his qualifications" testified that he had examined the contents of the can and jugs at the time he arrested the appellant, and that the contents appeared to be moonshine whiskey, smelled like moonshine whiskey, and in his judgment the liquid was moonshine whiskey. Furthermore the can and jugs, and their contents were received in evidence. There is obviously no merit in appellant's contention that the evidence introduced by the State was insufficient to show that the contents of the receptacles were alcoholic beverages.

Objections were interposed, and overruled, as to certain remarks made by the Solicitor in his argument to the jury. Appellant's counsel urges these rulings as error.

It appears that the remarks were made in the companion cases against Mrs. Moody and her son Jimmy Moody. It also clearly appears that these remarks were applicable solely to the Moodys, and not to this appellant. As to the Moodys the remarks were well within the limits allowable forensically. This appellant can take nothing by them.

The State's evidence was in our opinion amply sufficient, if believed by the jury under the required rule, to support the verdict and judgment. This cause is therefore ordered affirmed.

Affirmed.