105 So.2d 711

Edward MILLER

v.

STATE.

4 Div. 374.

Court of Appeals of Alabama.

Aug. 19, 1958.

Rehearing Denied Sept. 9, 1958.

E. C. Orme, Troy, for appellant.

John Patterson, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

CATES, Judge.

The Pike County Grand Jury, on August 20, 1957, indicted Miller for transporting prohibited liquor contrary to Code 1940, T. 29, § 187. On November 11 he was convicted, adjudged guilty, and sentenced to eighteen months' imprisonment. He appeals from this judgment and the denial of a new trial. Both judgments are thus reviewable, Code 1940, T. 15, § 368, T. 7, §§ 764 and 765 (both as amended).

The evidence is without dispute that sometime about February 20, 1957, Miller was driving an automobile in which Curtis Flowers was a passenger. Two highway patrolmen, seeing them come out of a side road below Brundidge and head south on U. S. Highway 31, decided to "check them." One of the officers, Clyde Kelly, testified in part:

"* * * and we started off back of them. They were driving reasonably slow. They turned right in the first dirt road south of Mobley's place and began to pick up speed. Well, we started closing in on them and they ran through a closed gate, and stopped at the second closed gate and jumped out of the car and ran.

"Q. Did they bust the first gate down? A. The first gate.

"Q. Just went through it? A. That is right.

"Q. All right, did you catch them on that occasion? A. Yes sir.

"Q. Did you arrest them? A. Yes sir.

\* \* \* \* \* \*

"Q. All right, what was in the car? A. A five-gallon jug.

"Q. What did it have in it? A. It looked like whiskey.

"Q. Did you smell it? A. It smelled like it.

"Q. Was it whiskey? A. In my opinion, it was.

"Q. Did it have any State stamps on it? A. No sir."

The conflicts between prosecution and defense were (1) Flowers testified the whiskey was only four and one-half gallons Flowers had bought for a friend, and (2) that Miller did not know of the whiskey (which was wrapped in a brown sack and rested under Flowers's legs as he sat on

the passenger's space on the right side of the car) until the arresting officers brought it forth and uncovered it.

However, on cross-examination Miller (who, on direct, had said Flowers had asked him to act as his driver) admitted that he knew of the patrolmen chasing them and that he didn't stop because Flowers didn't tell him to stop. The jury could equally well have inferred guilt from this flight.

After the State had rested and the court had taken the noon recess, the trial judge (without objection on the part of the defense) allowed the State to reopen its case. The sheriff retook the stand and testified that during the lunch hour he had obtained a sixteen ounce graduate from a pharmacist (who testified the flask was "standard") and measured five gallons, one pint and fifteen ounces of moonshine whiskey from the jug in evidence.

■■ Under the rule in Rungan v. State, 25 Ala.App. 287, 145 So. 171, it is requisite to prove that the amount transported was five gallons or more, since this amount is the statutory metewand. The mode of so proving can come from a measuring done in the presence of the jury or elsewhere: the act of measurement is a relevant fact in issue and may be testified to, Bolton v. State, 25 Ala.App. 539, 150 So. 362, Stephens v. State, 36 Ala.App. 444, 58 So.2d 644, Long v. State, Ala.App. 101 So.2d 94.

■■ A nonexpert may give an opinion on quantity based on personal observation, even though his evidence is but an approximate estimate, Bass Furnace Co. v. Glasscock, 82 Ala. 452, 2 So. 315. The reliability of the witness' judgment goes to weight rather than admissibility. Moreover, Miller should have no complaint since ample allowance for a marginal error was given him in that the jug seems to have held five British imperial gallons—sixth-fifths of our standard. See Nichols v. Beard, C.C., 15 F. 435; Code 1940, T. 2, § 587; 15 U.S.C.A. § 201; 94 C.J.S. Weights & Measures § 1 b., at page 539, 540; State v. Standard Oil Co., 188 La. 978, 178 So. 601.

Miller claims he did not know there was as much as five gallons of whiskey; in fact, he claims he knew of no whiskey being in the car. Therefore, he did not have the necessary scienter.

■■ In statutory crimes, where "knowingly or wilfully" are not express ingredients, scienter is proved prima facie when the conduct is shown to have transgressed the boundary between that which is innocent and that which is criminal. This is because everyone is presumed to know the law and *hence must will himself not to violate it*. Smith v. State, 223 Ala. 346, 136 So. 270, Leonard v. State, 38 Ala.App. 138, 79 So.2d 803.

■ Ignorance of a fact, such as the presence of whiskey, is apart from ignorance of the law. However, here we consider the question of whether or not Miller knew there was whiskey in the car was a jury question.

■■ From flight the inference of guilt was legitimate; this coupled with Miller's being the driver of a car undisputedly carrying moonshine whiskey in a quantity which the State showed to be over five gallons all made a prima facie case. Ownership of the cargo was immaterial. Peppers v. State, 36 Ala.App. 468, 59 So.2d 685. The conflicts in the evidence as between defense and prosecution were for the jury to resolve. See Austin v. State, 36 Ala.App. 690, 63 So.2d 283, for a case of circumstantial evidence under the transportation law.

■■ Reopening the State's case after it has rested is a matter within the trial judge's discretion, Savage v. State, 8 Ala. App. 334, 62 So. 999, Boice v. State, 10 Ala. App. 100, 65 So. 83.

We have carefully reviewed the entire record agreeably with the prescription of Code 1940, T. 15, § 389, and are at the conclusion there was no prejudicial error in the trial below, and that the judgment of the circuit court is due to be

Affirmed.